116    349
132    52

PETER MEYER, Plaintiff, v. A. N. HOBSON, Judge of the District Court of Winneshiek County.

**Mulct Law Consent Petition:** MUST BE ACTED ON BY BOARD ALL AT ONCE: *Installments not permitted.* Code, section 2449, provides that in towns privilege to sell liquor can be granted only after the filing of a statement of general consent, signed by a specified proportion of the inhabitants of the county outside of cities of 5,000 inhabitants, with the further condition that the board of supervisors in canvassing such statement of general consent must find, with reference to any particular town in the county in which the privilege of selling is desired, that the majority of the voters residing in such town, and also a majority of the voters residing in the township in which the town is located, have signed such statement. *Held*, that, where a statement was signed by the requisite proportion of voters of the county, but the board determined that it was signed by a majority of voters of the town and more than a year later another petition of consent, signed by the voters of the town and township, was determined to be signed by a majority of the town and township, and sufficient, such determination did not authorize the sale of liquor in the town, since the statute in-

tends that one general petition of consent for the county shall be canvassed, and, when the board has found thereon, it has no further functions relative to the sale of liquor in any town.

*Certiorari from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, APRIL 12, 1902.

CERTIORARI to test the validity of the action of defendant, as district judge, in finding the plaintiff to be guilty of contempt in violating an injunction restraining him from maintaining a nuisance by selling intoxicating liquors.—*Affirmed.*

*John B. Kaye* for plaintiff.

*E. R. Acres* and *J. J. Cameron* for defendant.

McCLAIN, J.—The only question is whether the maintenance of a place for the sale of intoxicating liquors by the plaintiff was lawful, and the solution of that question involves a finding as to whether the mulct law was in force in the town of Calmar, in Winneshiek county, at the time when the sales of liquor were made. By the sections of the Code constituting what is known as the "Mulct Law," with relation to the sale of intoxicating liquors, it is provided (section 2448) that in cities of 5,000 inhabitants permission to sell intoxicating liquors may be granted on a petition of consent signed by a specified proportion of the voters of such city; while (section 2449) in towns such privilege can be granted only after the filing of a statement of general consent, signed by a specified proportion of the inhabitants of the county outside of cities of 5,000 inhabitants, with the further condition that the board of supervisors, in canvassing such statement of general consent, must find, with reference to any particular town in the county in which the privilege of selling is desired, that the majority of the voters residing

in such town, and also a majority of the voters residing in the township in which the town is located, have signed such statement. It appears that in 1898 a general petition of consent was canvassed by the board of supervisors of Winneshiek county, which, by the board, was found to be signed by the requisite proportion of the voters of the county; but the board did not at that time determine that such petition had been signed by a majority of the voters of the town of Calmar. More than a year after this action of the board, another petition of consent was signed by voters of the town of Calmar and the township in which it is located, and the board of supervisors, at its April session in 1901, determined that such petition was signed by a majority of the voters of the township and town. The question is whether the action of the board of supervisors in canvassing this last petition of consent and determining it to be sufficient was authorized, and whether it made lawful the sales of liquor in the town after that time under the conditions of the mulct law. Without quoting at length the sections relating to petitions of consent in such cases, it is enough to say that no provisions are found therein for the consideration by the board of supervisors of a petition of consent in a town separate from the general petition of consent required in the county in such cases. It seems to have been the purpose of the legislature to provide that one general petition of consent for the county may be canvassed by the board of supervisors, and that in acting on that petition the board may determine with reference to particular towns whether the number of signers to the general petition who reside in that town and in the township in which the town is located constitutes the required proportion of voters in such town and township. When such general petition of consent has been canvassed, and the findings of the board with reference thereto have been made, the board has no further functions to perform with reference to permitting sales of liquor in any town within the limits of the

county. It is true that the privilege of selling liquor in a town may be revoked by the filing with the county auditor of a petition, signed by a majority of the voters of such town, requesting that the bar to the enforcement of the prohibitory liquor law in such town be removed; but that section does not seem to provide for any action by the board of supervisors with reference to such petition to remove the bar to the enforcement of the prohibitory liquor law which has been declared by the board in determining the sufficiency of the general petition of consent in the county. The action of the board of supervisors, therefore, in finding that the petition of consent signed by a majority of the voters of the town of Calmar and the township in which it is situated was sufficient to suspend the operation of the prohibitory law in that town was without authority, and can constitute no defense to the plaintiff in making sales of liquor in violation of the prohibitory law. The board of supervisors has never lawfully determined that in the town of Calmar the conditions of the mulct law have been complied with. Therefore the action of the trial judge was right, and the writ of certiorari is DISMISSED.