J. N. MUNCEY, Appellant, v. E. E. COLLINS and a certain building and lot in Winthrop, Buchanan County, Iowa.

Intoxicating liquors: APPLICATION FOR PERMIT: DESCRIPTION OF LOCATION: JURISDICTION. The court has no jurisdiction to hear and determine an application for a permit to sell intoxicating liquors, where the application and notice do not contain a particular description of the location where the business is to be conducted.

*From Buchanan District Court.*— HON. A. S. BLAIR, Judge.

TUESDAY, MARCH 6, 1906.

REHEARING DENIED, THURSDAY, OCTOBER 25, 1906.

SUIT in equity to restrain the defendant from selling intoxicating liquors in the building and on the premises described in·the petition. Judgment for the defendant, from which the plaintiff appeals.— *Reversed.*

*E. R. Acres,* for appellant.

*C. E. Hasner,* for appellees.

SHERWIN, J.— The case was tried on an agreed statement of facts from which it appears that the defendant is a druggist; that he was the owner of the building on the premises described and had conducted a drug store therein for a length of time before the action was brought; that he was a registered pharmacist and held a permit for the sale of intoxicating liquors, under which he was and had been selling the same; that such permit was issued to him for the term of five years from and after the 4th day of October, 1900. The record further shows the petition of the defendants for a permit, the notice of an application therefor, the decree, and the permit itself, neither of which particularly described the place or location where the business was to be carried on. The appellant contends that the permit is invalid and affords the defendant no protection against this suit, because of this failure in the petition, notice, and permit.

Sections 2387, 2388, and 2392 of the Code relate to the petition, notice, and permit, and all of them require a particular description of the location where the business is to be conducted. We are of the opinion that a particular description of the place in the petition and in the notice of the application are absolutely necessary to give the court jurisdiction to hear the application and to grant the permit. It is the direct requirement of the statute and one of the essentials necessary to a hearing of the application. The statute confers no power on the court to determine the sufficiency of the petition or notice as to these essentials. On the contrary, section 2389 impliedly limits the court to a determination of the one question whether there has been timely service of the notice, and expressly provides that no permit shall be granted unless the court shall find from competent evidence that all the averments of the petition are true. Permits may only be granted when the reasonable convenience and necessities of the people of a given community make the granting thereof proper. They are not granted as a matter of course, and the requirement of particularity of descrip-

tion in the petition and notice is for the purpose of advising the court and the public, and those who may desire to resist the application, as to the exact location where the business is to be conducted. There might be serious objections to its conduct in a certain locality, while none might exist as to others. A further object of the statute is to limit the permit to a certain place. If it were otherwise, a permit holder might shift his location to meet the necessities of his particular case and still claim the protection of his permit, and this the statute will not permit. *Carter v. Nicol,* 116 Iowa, 519. The statute expressly declaring that a permit can only be issued for the sale of liquors in a particularly described place, it is clear to us that the court has no jurisdiction to grant a permit to sell anywhere within the municipality, and that a judgment granting such permit is void. So far as we are advised, this precise question has never before been determined by this court; but we think our conclusion in exact accord with the statute and with the general policy of the law, and it is not without support in principle in our own cases. See *Meyer v. Hobson,* 116 Iowa, 349; *Schuneman v. Sherman,* 118 Iowa, 230; *In re Smith,* 126 Iowa, 128; *State v. Harris,* 122 Iowa, 80; *Oliver v. Monona County,* 117 Iowa, 43.

The appellee's contention is that the court had jurisdiction of the subject-matter, and that its judgment cannot be collaterally assailed, and cites many authorities in support thereof. We have examined all of the cases cited and find none conflicting with our conclusion. In *Bennett v. Hetherington,* 41 Iowa, 142, it was held that as the board of supervisors had power under the statute to determine certain matters, their decision on such matters was conclusive until reversed. The same principle is announced in the other cases relied upon by the appellee. In *Oliver v. Monona County,* 117 Iowa, 43, particularly relied on, the petition on which the board of supervisors acted contained the statutory number of signatures, and upon a contest the board found it suffi-

cient, and we held that to be an adjudication of the fact not subject to collateral attack. But we said that if the petition did not purport to be signed by the required number of voters the board would have acquired no jurisdiction. The priciple on which the rule rests is that when a body with judicial powers determines a question of fact upon which it has a right to act, its conclusion cannot be collaterally assailed.

The defendant filed a cross-petition asking that he be permitted to amend his petition in the proceedings for a permit, and that the court then amend its decree in accordance therewith, and he now asks, as we understand counsel, that he be permitted to do so. But there is no warrant for such an order at this late day, and if it be admitted that the petition might be amended before final judgment on the application, the notice failed to give the court jurisdiction, and under such circumstances an amended petition would be of no avail. On the stipulated facts in this case, an injunction should have issued as prayed. The case is reversed, and remanded for further proceedings not inconsistent with this opinion.— *Reversed and remanded.*