# CHARLESTON.

STATE v. MOORE.

Decided May 17, 1910.

INTOXICATING LIQUORS—*Illegal Sale—Invalid License.*

A license to sell intoxicating liquors granted by a county court, upon a petition filed with its clerk less than thirty days before the day for hearing it, as required·by Code 1906, ch. 32, sec. 12,. is granted without jurisdiction, is void,. and may be collaterally attacked upon trial of an indictment for selling without license, and is no defense.

Error to Circuit Court, Wetzel County.

U. S. Moore was convicted of selling liquor without a license, and brings error.

*Affirmed.*

*M. R. Morris, P. D. Morris,* and *Thomas P. Jacobs,* for plaintiff in error.

*William G. Conley,* Attorney General, and *D. E. Matthews,* Assistant Attorney General, for the State.

BRANNON, JUDGE:

U. S. Moore was indicted in the circuit court of Wetzel county for selling liquor without a license, and was found guilty by a jury on facts agreed, and by the judgment of the court was sentenced to pay a fine of $25 and be imprisoned in jail two months. Moore presented as his defense a license for part of a year, and the case turns upon the validity of that license.

We have a statute in Code 1906, chapter 32, section 12, which provides that an applicant for license to retail intoxicating liquors shall file a petition with the clerk of the county court "at least thirty days before the session of said court at which the same may be heard". Moore did file a petition on the 4th day of February, 1909, fixing the 2nd day of March as the time for hearing such application by·the county court, and the clerk published notice of such application as required by that ·section. On the 2nd day of March Moore appeared to prosecute ·his petition, and fifty-seven residents of the county also appeared

and moved the county court to quash the notice, for the reason that said petition had not been filed with the clerk for at least thirty days before the 2nd day of March, the first day of the session of the county court at which the application could be heard, but that it had been filed only twenty-six days, and said persons then filed a written remonstrance against granting the license. The court adjourned until the 3rd of March, and again adjourned until the 4th of March, when said motion to quash and remonstrance were overruled and an order made granting Moore a retail license.

We have seen that said statute required an applicant for a license to file his petition *at least* thirty days before its hearing. Is the requirement to file for that length of time imperative and mandatory as to time and therefore jurisdictional? That is, must that petition be filed for that time in order to enable the county court to grant its consent for license? This being a proceeding not to cancel the license, but a prosecution under an indictment, the attack upon it is collateral. It is claimed for the defendant that when the court grants the license it is not void, but good until revoked, and that no collateral attack can be made upon it; and on the side of the State it is claimed that without compliance with the statute in the filing of the petition for the time fixed the county court has no jurisdiction or power to act, and that its action is void and affords no protection to the holder of the license. After mature considera- tion we have concluded that the latter proposition is sound. The county court order is not conclusive in such a matter as that of a court of general jurisdiction. I confess that I have the in- clination, as Moore paid his money for the license, to hold other- wise; but an examination of the law and a consideration of the objects of the statute, have led me to the conclusion stated. Now, what is the character of this statute provision? Very material. It is designed to give notice to the public that any body may show cause against the license, because the statute expressly provides that residents of the county may file re- monstrance and show cause therefor. The statute gives residents thirty days after the filing of the application. The public is interested in this provision. Certain residents did appear within the time; but may not others have appeared presenting other evidence, showing other cause, against the license, if the requi-

site time had been allowed? Consider the object of the regulations touching license, consider the many provisions of chapter 32. They will tell us that that chapter is not only designed for revenue purposes, but that it regards the improper use of liquor as an evil, hurtful to society, and it hedges about a license when granted many provisions against its improper exercise, such as selling to minors, or to persons addicted to intemperance, or under the influence of drink, and on certain election days, and on Sunday, and makes the liquor dealer liable for injuries suffered by members of families of persons to whom liquor has been unlawfully sold, and many other provisions and guards against the improper exercise of the license when granted. Furthermore the statute is very careful as to persons to whom a license shall be granted, providing that it shall be granted only to fit persons, persons fit to exercise the license. These and many other provisions that could be cited to tell us plainly that the statute is designed to restrict and regulate the evil, and to grant license only to fit persons, and only after a prescribed notice, and after a hearing of all residents opposed to it, after they have had notice and opportunity to know of the application. In this important matter, the use of license to sell intoxicating liquors, we know from our statute that the Legislature has been very guardful by restrictions upon the business and made guards against evils resulting therefrom. The Legislature has prescribed the limit of thirty days after the filing of the petition for a material purpose. It gives that period after the filing of the petition to enable remonstrants to know of the filing of the application. The Legislature has spoken in plain words in this important matter and how can a court ignore its intent? How can a court enforce that intent if it shall say that a license granted, in wilful departure from its requirements, is just as good as if the law had been fully complied with? Will it be said that only a few days ought not to make any difference? If you can dispense with four days why not with ten or twenty? Very rarely should a court dispense with the plain letter of a statute, and surely it should not do so in such a matter as this. I believe this provision for petition and notice has only been incorporated into our liquor law for a few years. One time there was no notice to the public. Now there is. Shall we defeat this amendment of the liquor

law by a liberalism which would emasculate it of its object in a vital particular? Let us see what the authorities say. I admit that there is some conflict, some cases holding that a license cannot be collaterally attacked; but I think I may say that the weight and logic of authorities sustain our position in this particular. In this country there is a vast conflict of authorities, and all a court can do is to choose that line which in its opinion is the sound one, and the better enforcing the law as applied to the subject in hand. "It is generally provided, by statute or ordinance, that notice shall be given, in such public manner, of all applications for liquor licenses, for a prescribed period of time, in order that persons interested in contesting particular applications may be fully informed when and where to take action. This is held to be a prerequisite to the jurisdiction of the licensing authorities to pass upon the application, and until the expiration of the time during which the notice must be given, they have no power to take any action thereon." Black on Intoxicating Liquors, section 158. "Compliance with such requirements is a jurisdictional requisite and essential to the validity of a license." 23 Cyc. 126, is there speaking of the notice. I find it laid down in 17 Am. & Eng. Ency. L. 245, that, "The statutes usually require that petition shall be filed with a designated officer and remain on file for a designated period of time before it is acted upon. The statutes are not directory, but are mandatory, and no jurisdiction to grant a license can be acquired unless this requirement is strictly complied with." That page also says that notice is intended to give as wide publicity as possible, so that if any person knows of any violation of the license law by the applicant, or any valid reason why a license should not be granted to him, he may make objection. This notice is jurisdictional process, and essential to confer power upon the licensing board to act. In 12 Ann. Cases 711, is the Louisiana case of *State* v. *Laborde,* holding that a license emanating from a body without authority to issue it is no protection against an indictment and its validity must come up on its trial. True there the body had no power to issue it; but that case asserts most definitely that where there is a want of authority to issue the license it can be attacked collaterally. In that case the cases on the subject have undergone review, and the copious note presents additional ones.

That note says that the authorities on the question whether in
a prosecution the validity of a license can be inquired into
are not entirely harmonious, but that the weight of authority
supports the rule that such a license is not conclusive upon the
state and may be shown to be irregular and void. In·*Russell
v. State,* 77 Ala. 89, an affidavit was not such as the statute
required and the license was granted upon it. The case was
an indictment for selling without license. The court held that
"a probate judge acts ministerially in granting a license and is
bound to require substantial compliance with all precedent statu-
tory conditions, and while the license itself is *prima facie* evi-
dence of such compliance, the fact of non-compliance, ·when
affirmatively shown, renders the license void, and its invalidity
being thus shown, it affords no protection." *Munsey* v. *Collins,*
132 Iowa 50, holds that the court has no jurisdiction to act
unless statute requirements are complied with. *State* v. *Sibert,* ·
97 Mo. App. 212, says that: "All jurisdictional facts to author-
ize the granting of dramshop license by the county court must
affirmatively appear on .the face of the proceedings." I remark
just here that it appears in this proceeding that the petition
had not been filed the requisite time. That petition is the
basis of the proceeding for a license. Notice for the time is
essential to jurisdiction. *Pisar* v. *State,* 56 Neb. 455. The
statute requiring three weeks notice is mandatory. *Keiper's
License,* 21 Pa. Superior Ct. R. 512. In *State* v. *Moore,* 1
Jones L. 276 (N. C.), upon a trial of an indictment a license
was offered in defense which had been issued without recom-
mendation from the board of commissioners. The court held
the license void, and said that when the record showed the
defect the judgment was void. I will add that this Court has
held that a license granted without the town authority is void,
thus enunciating the position that statute requirements must
be complied with. Why prolong this opinion by citation of
further authority? I will only add that this matter of granting
license is one of statute regulation; there is no other chart or
guide but the statute; and I enunciate the general proposition
that in this important matter it must be complied with. This
duty of filing his petition a certain time was one placed impera-
tively upon Moore and he failed therein. It was his own act.
The public has right to inspect that petition all through the

period specified. Whilst there is some hardship in the case, he was bound to know the law, and his attention was specially called to it by those contestants in his presence in the county court, and he was told that his petition had not been filed the requisite time. The petition was his own act, not a public officer's act.

This case may be of little importance in and of itself; but it is of great public importance in view of the fact that ·our present liquor laws contain the new important feature of allowing residents to oppose a license, and make the application contestable, and subject the applicant to more rigorous scrutiny than by the law prior to that provision. It is important that the statute be sustained by giving it a construction carrying out its policy and purpose.

We must affirm the judgment.

*Affirmed.*