# CHARLESTON.

## STATE *v.* HOTEL McCREERY COMPANY.

Submitted June 3, 1910.     Decided November 1, 1910.

1. CRIMINAL LAW—*Writ of Error—Right of State—Cases Relating to Public Revenue.*

   A writ of error lies for the state from the Supreme Court in prosecutions for offences under provisions of chapter 32 of the

Code relating to ·licenses, since such cases relate to public revenue.

2.   Same.

The Supreme Court of Appeals has jurisdiction of a writ of error for the state from a judgment of a circuit court for defendant, a corporation, upon indictment for selling liquor under a license issued to it in violation of section 10, chapter 82, Acts of 1907, forbidding license to a corporation.

3.   Intoxicating Liquors—*Sale  Without  License—Prosecution— Defense.*

A license to a corporation to sell intoxicating liquors is void and no defence upon an indictment for selling without license, though the license tax has been paid.

4.   Same—*License to Sell—Validity—Prosecution—Admissibility of Evidence.*

A license to sell intoxicating liquors issued to Hotel McCreery Company imports .a license to a corporation and is void on its face.  Also evidence is admissible to show it to be a license to a corporation.

Prosecution of the Hotel McCreery  Company  for  selling liquor without license.  There was a judgment of acquittal, and the State brings error.

*Resersed and remanded for new trial.*

*William G. Conley,* Attorney General, for the State.

*A. R. Heflin* and *W. H. Sawyers,* for defendant in error.

Brannon, Judge:

A corporation was formed under charter from the state under the name of Hotel McCreery Company for the purpose of leasing, owning and operating hotels, restaurants, saloons, billiard rooms and other like purposes, its business to be carried on at the city of Hinton.  It obtained a license  to  sell  spirituous liquors and carry on a saloon for that purpose and paid the tax. An indictment ·was found against  the  company  for  selling liquor without license.  On the trial the corporation was found not guilty and judgment rendered of acquittal, and the state has sued out this writ of error.

We must .first dispose of the question whether the state can sustain a writ of error as the jurisdiction of this Court is challenged.  The Constitution and a statute both ·say that "in cases

relating to the public revenue the right of appeal shall belong to the state as well as the defendant." It is urged that this is not a case relating to the public revenue. The legal profession has long so held it. The claim is that the indictment is not for selling liquor without obtaining the license and paying tax; that the tax has been paid to the state, and it is not vindicating its rights to revenue, and the case does not relate to the public revenue; that the state is neither suing for the recovery of revenue nor indicting for selling liquor without paying tax; that though the state is vindicating law, still it does not involve revenue. The theory on which the state proceeds is that the license is absolutely void, and therefore the sale is without legal license. The state bases this theory on section 10, chapter 82, Acts 1907, ch. 32, Supplement Code 1907, reading as follows: "No license shall be granted to any corporation either, domestic or foreign, doing business in this state, for the privilege of selling or offering or exposing for sale, soliciting or receiving orders for spirituous liquors, wines, porter, ale or beer, or any drink of like nature, at retail." That section is a part of Code, ch. 32, regulating licenses and imposing taxes therefor. We grant readily that but for the provision above quoted granting the state a right of writ of error·it would have none; but the plain purpose of the provision of the Constitution and statute was to change this rule and grant the state a writ of error in matters relating to the revenue. This is a remedial statute and should receive a liberal construction. We have always been accustomed to consider chapter 32 in all of its provisions as relating to the revenue. In the grave and important matters, so essential to state government, for which that chapter provides it is right that the state should have a right to vindicate her laws as given in that statute. It provides for many licenses. It provides for privileges under those licenses. It provides for liquor license, and prohibits the grants of same in certain cases, and inflicts fines and other punishments for the infraction of the important provisions of that chapter, on which rests the revenue largely and the morals and peace and order of the state. The state ought to have the power to vindicate her broken law as contained in that chapter. The state is interested not only in the recovery of her revenue, but she is interested in enforcing her law made for such high purposes.

She is interested in process by appeal to successfully vindicate the policy enacted by that statute withholding license to sell liquors from a corporation. She chooses not to intrust a corporation with the license. She cannot adequately punish a corporation, as she can an individual, by imprisonment in jail or penitentiary. But let her reason be whatever it may, thus she has written her law. Suppose we say that she cannot appeal in such a case. Then she cannot enforce her statute adequately, if there should be an erroneous decision in the lower court. We ought not to so hold if we can help it. Suppose a licensed saloonist sells liquor to a minor, or on Sunday, or to a person drunk at the time of sale. Is it possible that she cannot have appeal in such cases to enforce her law under the provision above quoted? In those cases she is not suing for license tax any more than in this case. She has in those cases received her money for license; but that does not debar her from this Court. We think the case under chapter 32 relates to the revenue for the purposes of appellate jurisdiction.

The state asked and was refused an instruction, No. 2, that if the defendant was a corporation, and that a sale at retail of liquors was made, and that the sale was made by a bartender or some authorized agent of defendant who habitually made such sale, then they should find the defendant guilty. We think this instruction should have been given, as also Nos. 3, 4 and 5 to the same effect.

The court gave over the state's objections several instructions. No. 1 says that if the jury believe that the license on its face was regular they should find the defendant not guilty. This instruction was erroneous. First, because it left it to the jury to say whether it was regular on its face. That was matter of law. The license was before the court and on its face it appeared to have been issued to "Hotel McCreery Company." This license was not regular, but void on its face, because its face showed that it was issued to a corporation and in direct violation of the prohibition of the statute above cited. The law is that those words "Hotel McCreery Company" import in law a corporation. The authorities for this proposition are collated by Judge POFFENBARGER in *Snyder* v. *Philadelphia Co.*, 54 W. Va. p. 152, and by myself in *State* v. *Dry Fork R. Co.*, 50 *Id.* 235. Why leave it to a jury to say whether or no the license

was regular on its face, when on its face it was void in law? But in addition the proof showed that the defendant was a corporation.

The court gave Instruction No. 2 saying that the license "in this case to the Hotel McCreery Company is not a license void on its face and is for that reason a valid and binding license until legally revoked." As I have stated, the license was void on its face, and it was error to give this instruction. But if this were not so, the instruction told the jury that no evidence could be heard to overthrow the license, but it was good until revoked and free from collateral attack; whereas the law is that if issued to a corporation the fact that it was issued to a corporation may be shown. *State* v. *Laborde,* 44 So. R. 156. Reflect that this license was issued in direct defiance to the statute prohibition. It would be strange that it should be a finality above inquiry into the fact that the licensee was a corporation, if any evidence were necessary. We are cited to 23 Cyc. 110, for this proposition: "A license which appears on its face to have been regularly and duly issued, cannot be impeached collaterally, as in an action on the bond, or a prosecution for illegal selling on the ground that it was improperly granted. So long as it remains unrevoked and not appealed from, it must be regarded as a valid license." Probably on that authority the court acted. We have examined the cases cited for that text. They do not sustain it to the extent claimed for it. They are cases where it was held that no irregularity in the process of obtaining a license could be urged against it, as, for instances, that the application had not sufficient signers, or that sufficient notice had not been published, or that a special term of the court granting the license was called and it was alleged that there was no necessity for the call, though the statute gave the judge discretion as to the necessity of a call, or that a vote of the people had not been taken, or in other things preliminary to the license. They do not go to the extent of holding that when a statute absolutely prohibits license to a corporation it is good until revoked. Much law to the reverse in even those preliminary respects will be found in 17 Am. & Eng. Ency. L. 331. The authorities differ even as to that. We said in *State* v. *Moore,* 67 W. Va. 559 (68 S. E. 177) that a license issued after notice of application not filed thirty

days was void and no defence to an indictment for selling. But in this case it is not a question of irregularity in proceeding prior to the issuance of the license, but it is in the very soul of the license itself in being granted to a corporation not capable of taking it, because of positive statute prohibition. "A sale of intoxicating liquors under a license which is for any reason unauthorized and void 'will be as much in violation of the law as a sale without license." 17 Am. & Eng. Ency. L. 331. It can be shown that the license was taken without any authority to issue it. The case of *State* v. *Laborde,* 44 So. R. 156, will sustain this proposition in a well considered opinion. Irregular or void licenses confer no authority on the licensee and afford no protection. *Spake* v. *People,* 89 Ill. 617. A court in granting license must obey the statute. If it says that no license shall be granted for less than a year a license for four months will be void. 17 Am. & Eng. Ency. L. 241. I emphasizes the fact that this license was issued in violation of a plain prohibition of the statute. Of what avail is the prohibition enacted by the Legislature if the license is to be held valid and unassailable? We held in *Devaney* v. *Hampton,* 60 W. Va. 3, that a license granted by a county court to sell drinks within two miles of an incorporated city without its council's consent is void. And we held in *State* v. *Moore, supra,* that a license granted upon a petition filed less than thirty days before hearing was granted without jurisdiction and might be collaterally attacked upon an indictment for selling without license, and constituted no defence.

By Instruction No. 4 the court told the jury that the council of Hinton 'was "the proper and legally constituted authority to grant the permit mentioned in this cause, and the clerk of the county court the proper authority to issue such license." Because of the statute above mentioned the council and clerk had no authority. That instruction was erroneous. So with No. 7. Instructions Nos. 6 and 8 told the jury that a sale under a license from the proper authority valid on its face is not unlawful "and the person or corporation so selling cannot be punished therefor, so long as such license is unrevoked", and that they must acquit the defendant if the jury believed that at the time of the sale the defendant had a state license regular upon its face. For reasons stated these instructions were erroneous.

Other instructions containing the same principles were given, but it seems needless to consider them, as it would only be repetition of 'what we said above.

Judgment reversed, verdict set aside, new trial granted, and remanded.

*Reversed and Remanded for New Trial.*