AUGUST ERNEST STAACKE AND HERMAN GEORGE STAACKE v. JAMES ROUTLEDGE.

No. 2847.  Decided May 3, 1922.

(241 S. W., 994.)

Corporations—Charter—Ultra Vires—Personal Liability of Officers—Case Stated.

Plaintiff while riding in an automobile on invitation of a friend was injured by the negligence of the driver. The friend had hired the car from a corporation owning it and furnishing the driver therefor. On the grounds that defendants Staacke, managing officers of the corporation, became personally liable by reason of engaging it in a business (renting cars for transportation of passengers) which it was not authorized by its charter to transact, and for which the laws of the State did not permit incorporation, plaintiff recovered judgment against both the corporation and defendants Staacke.  Held:

(1) Subdivision 24, article 1121, Revised Statutes, permitting the creation of corporations "for the purchase and sale of goods, wares and merchandise," authorized the creation of the corporation in question for

the purpose stated in its charter, of "the purchase, sale and renting of automobiles, parts of, and accessories to automobiles." The power to sell included power to rent, whether stated or not in the charter; and the power to lease was incident to the power of ownership. (Pp. 497, 498).

(2) The power to rent included the power to furnish a driver also; and this was not an engaging in the business of a common carrier of passengers. (P. 498).

(3) The particular contract being authorized by the statutes and charter, if engaging in such business generally and by many other contracts was ultra vires, this did not contribute to cause plaintiff's injury nor furnish him cause of complaint against the corporate officers. The wrong complained of,—negligence of the corporation through its servant,—being one for which it was liable irrespective of its corporate power or lack thereof. (Pp. 498, 499).

(4) The creation of a corporation for the renting of cars for transportation of passengers was also warranted by subdivision 10 of article 1121. Revised Statutes, authorizing incorporation for establishment and maintenance of stage lines; and also by subdivision 18, for the transportation of passengers for hire. (P. 499).

(5) If the renting of the car in this case was unauthorized, it was only by reason of article 1164, Revised Statutes, prohibiting the using of corporate funds save to accomplish the legitimate purposes of their creation. Such act, if without authority, is not an illegal one and would not make stockholders or officers liable personally to one who, like plaintiff, had dealt with the corporation as such. He could not, so doing, question the corporate authority. The mere question of exceeding corporate power—as in this case by abuse of an admitted power—could only be raised by one interested in the corporation, or by the State. (Pp. 499-501).

(6) The recovery against the officers of the corporation personally is reversed and judgment rendered in their favor. That against the corporation is affirmed. (P. 502).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Plaintiff sued for and recovered judgment for personal injuries against the Rambler Automobile Co., a corporation, and August E. and Herman G. Staacke personally. Defendants Staake alone appealed, and, on affirmance (175 S. W., 444) obtained writ of error.

*Webb & Goeth,* for plaintiffs in error.

The Rambler Automobile Company being authorized to own automobiles, could use its property in any profitable manner including the renting or hire. Texas Fid. & Bonding Co. v. General Bonding Co., 216 S. W., 144; Hollis C. O. L. & D. Co. v. Marrs & Lake, 207 S. W., 371; First Natl. Bk. v. Aspremont, 106 Texas, 549; H. & T. C. R. Co. v. Diamond Press Brick Co., 222 S. W., 204.

Corporation bound although contract *ultra vires*, if not "*mala prohibita.*" Bond v. Terrell Mfg. Co., 82 Texas, 311; Hollis Cotton Oil Co. v. Marrs, 207 S. W., 373; Steger v. Davis, 27 S. W., 1069; S. A. Hardware Co. v. Sanger, 151 S. W., 1104.

Corporation liable for torts committed while engaged in an *ultra vires* transaction. 7 Ruling Case Law, 684.

There is a distinction between acts which are merely *ultra vires* and those which are *expressly prohibited by law.* Art. 1164, Rev. Statutes.

"That corporation shall employ its assets only to accomplish legitimate object of its creation," is only declaratory of the common law and does not make an *ultra vires* act *mala prohibita.* Bond v. Terrell, 82 Texas, 309; Hollis Etc. Co. v. Marrs, 207 S. W., 371; Mitchell v. Zurn, 221 S. W., 954.

The Rambler Automobile Company being lawfully incorporated and engaged in a lawful business, the act of renting automobiles for hire was *at most* an ultra vires act, not prohibited by law, and therefore the stockholders cannot be held personally liable. Linkauf v. Lombard, 137 N. Y., 417, 33 Am. St. Rep., 743; Tenn. Auto. Lighting Co. v. Massey, 56 S. W., 37; Ruling Case Law, 684.

*J. R. Norton* and *James Routledge,* for defendant in error.

The renting of a machine is one thing and the operating of the machine by its own employees in carrying passengers for hire is a separate and distinct thing and is a right which was not given to the corporation and is not embraced in its charter. Therefore, under the law and under the charter which the Rambler Automobile Company had received, and under the undisputed facts, the Rambler Automobile Company had no right, power, or authority to operate automobiles in the business of carrying passengers for hire and was incapable of making any binding contract to that end, and as the corporation is not a living thing and can only act through its agents and officers, these stock-holders and officers who were actually personally engaged in carrying on this business of carrying passengers for hire, must be held to have done this thing and carried on this business as individuals and must be held to be individually liable.

It is an undisputed fact and legal proposition that the corporation could not carry on the business of carrying passengers for hire; it is an undisputed fact that the two appellants were the owners of all of the stock in the Rambler Automobile Company, and that they personally and actively conducted the business and gave their undivided attention to the business of operating automobiles in carrying passengers for hire, and in effect were common carriers. The corporation could not do this; the corporation could not make a binding contract to do this. The two Staackes hired Mr. Street, paid Mr. Street his wages, sent him out into the streets with the automobile to carry passengers for hire and received from him and other employees, of which there were about nine or ten, the money which they gained in carrying such passengers for hire. They conducted this business, which it was lawful for them to conduct as individuals or as a partnership, and which it was unlawful for the corporation to conduct and which the corporation could not conduct, and therefore, under all the decisions on the subject, they are held to be individually liable. Mandeville v. Coutwright, 6 L. R. A., (N. S.) 1103; Empire Mills v. Alston, Gro. Co. 15 S. W., 505; Rio

Grande Cattle Co. v. Burns, 82 Texas, 50; Ridenour v. Mayo, 40 Ohio St., 9; Same Case, 29 Ohio St., 138; Mohr v. Minnesota, Elevator Co. 41 N. W., 1074; State v. Minnesota T. Mfg. Co., 3 L. R. A., 510; Chenango Bridge Co. v. Paige, 83 N. Y., 178; Cook on Corporations, secs. 235, 236; Vredanburg v. Behan, 33 La. Ann., 627; Clark v. Central R. R. & B. Co., 50 Fed., 338; Medill v. Collier, 16 Ohio St., 599; Schneider v. Sellers, 81 S. W., 126; Deaton Groc. Co. v. International Harvester Co., 105 S. W., 557; Cameron v. Kenyon, 44 L. R. A., 511; Third Avenue Bank v. Dimock, 24 N. J. Eq., 26; Amerman v. Wiles, 24 N. J. Eq., 13; Kearny v. Buttles, 1 Ohio St., 362; McNab v. McNab, 16 N. Y. Supp.,448; Belo v. Fuller, 19 S. W. 617; Trust Co. v. Floyd, 47 Ohio St., 525; Lehmann v. Knapp, 48 La. Ann., 1148; 1 Cook on Corporations 4th ed. page 471, Sec. 243; 10th Cyc., 652 and cases cited; 10th Cyc. 683; Dietrick v. Rothenberger, 75 S. W., 271.

The Secretary of State is merely a ministerial officer and has no power to determine for what purposes a corporation can be chartered. That matter is determined by the law and not by him. It is so held in G. C. & S. F. Ry. v. Morris, 67 Texas, 702.

If the Secretary of State had issued a charter empowering these parties to carry passengers for hire in autos (which he did not) it would be void because not allowed by law and would not bind the State or give the appellants any right. Besides the charter was issued to conduct a mercantile business, as it clearly reads, and was issued under subdivision No. 24 or 25 of Art. 1121 of the Corporation Act.

The Secretary of State has no power to issue a charter for two different purposes but is confined to issuing it for the purposes mentioned in a particular subdivision and no other. This is fixed by law. Ramsey v. Tod, 69 S. W., 133; Batts on Corporation Laws of Texas, 19 (2d Ed.). A charter cannot be issued to run a mercantile business (as this one was) and also to carry passengers for hire, as is claimed by appellants. It cannot be issued for two different purposes. Miller v. Tod, 95 Texas, 404.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This suit was instituted by the defendant in error against the Rambler Automobile Company, a corporation, to recover damages for personal injuries alleged to have been sustained by him on April 25, 1905, by reason of the negligence of an employee of the corporation in the operation of an automobile owned by it, in which defendant in error was riding. The case was tried and judgment rendered for the Company; which judgment, however, was reversed by the Court of Civil Appeals at San Antonio. See 95 S. W., 749.

Defendant in error then amended his petition, and in addition to the original defendant, the Rambler Automobile Company, made

F. Kirchhoffer, A. C. Schell, Edward Heusinger, Herman G. Staacke, August E. Staacke, August F. Staacke, Mrs. Adele Staacke, Staacke Bros., a partnership, composed of Herman G. Staacke, August E. Staacke and Mrs. Adele Staacke, and the Rambler Automobile Company of San Antonio, Texas, as a partnership, composed of Staacke Bros. and the individuals above named, defendants. He alleged that on the date of the injury the defendants named were engaged in the business of owning, operating, renting, and controlling automobiles for hire, as common carriers of passengers in San Antonio; that he became a passenger in a car owned and operated by said defendants, and that their agent, Street, who was in charge of the car, negligently operated the same in such manner as to cause the injuries to him. It is unnecessary for the purposes of this opinion to state the acts of negligence alleged. He further alleged that the parties, for the purpose of preventing him from collecting his damages, in February, 1904, organized "a bogus, fictitious and dummy corporation" for the purchase, sale, and renting of automobiles, parts of and accessories of automobiles, with a capital stock of $5,000.00; that the charter was signed and filed by A. Staacke, F. Kirchhoffer, and A. C. Schell, who were named as directors, but that all the parties named as defendants were stockholders in the corporation, and all actively engaged in the management of the business carried on by it; that the real purpose of the corporation was to act as a common carrier of passengers, and that it engaged in such business in violation of law. He alleged that all the parties named as defendants in amended pleading were partners in the Rambler Automobile Company and liable to him as such, because. (a) They, as a pretended corporation, but in fact a partnership, transacted and carried on a business not allowed by law to be carried on by corporations, but which was prohibited; (b) transacted and carried on a business not allowed or permitted by the charter of said automobile company; (c) transacted and carried on a business for which no charter could be given under the law; (d) transacted and carried on a business with less capital stock than the law permitted and before the lawful amount of capital stock was subscribed; (e) and transacted and carried on a business before the amount of cash was paid in that the law required. Defendant in error, however, pleaded that prior to the time he was injured he did not know that the Rambler Automobile Company was a corporation. He finally pleaded that if he should be mistaken as to his allegations that the Rambler Automobile Company was not a legal corporation, then that he have judgment on the cause of action alleged against the company as a corporation.

The pleadings are voluminous, and it is unnecessary to state them in detail. Issue was joined upon all material allegations, except that defendant in error became a passenger in an automobile owned and operated by the Rambler Automobile Company; that this com-

pany was a corporation; and an item of costs paid in the Court of Civil Appeals. The defendants in the court below denied the partnership allegations, and that they were then, or ever had been, engaged in the renting or hiring of automobiles, or in the transportation of passengers, either as individuals or as partners with the Rambler Automobile Company. General and special exceptions were filed by defendants, which were overruled. The defendants pleaded that the Rambler Automobile Company was a corporation, chartered in 1904, prior to defendant in error's injury, and that the company conducted its business as a corporation under the powers granted it. They also alleged that defendant in error was injured by his own contributory negligence.

Before argument in the case, defendant in error dismissed as against August F. Staacke, F. Kirchoffer, A. C. Schell, Edward Heusinger, Mrs. Adele Staacke, and Staacke Bros. as a partnership, but retained as defendants August E. Staacke, Herman G. Staacke, the Rambler Automobile Company as a partnership, and the Rambler Automobile Company as a corporation.

The case was submitted upon special issues as to whether or not the driver of the car was guilty of negligence, and whether or not the defendant in error was guilty of contributory negligence. No other issues were submitted. The jury found the driver of the car was guilty of negligence, acquitted the occupants of the car of contributory negligence, and assessed defendant in error's damages at $2,000. Judgment was rendered upon this verdict against August Ernest Staacke and Herman G. Staacke, jointly and severally, and against the Rambler Automobile Company as a corporation. Judgment was denied as against the Rambler Automobile Company as a partnership. August Ernest Staacke and Herman G. Staacke appealed, and the case was affirmed by the Court of Civil Appeals at San Antonio, (175 S. W., 444), from which affirmance a writ of error was granted by this Court.

The trial court filed his reasons for rendering judgment against plaintiffs in error, in which he stated:

"In the case at bar, the managing officers and the directors of the corporation were engaged in a business in the name of the corporation which they knew the laws of Texas did not permit the corporation to engage in. They were not innocent, nonassenting stockholders, but were knowingly and actively engaged in the conduct of a business which the statutes did not authorize a corporation to engage in, and in direct violation of Article 1164 of the Revised Statutes of this state, which prohibits a corporation from directly or indirectly using its property or assets for any purpose whatever than to accomplish the legitimate objects of its creation or those permitted by law; and by carrying on this business in the name of the corporation, they cannot be heard to say what they cause to be done, was not done by them, but by their corporation, when the corporation could not engage in that business. * * * * *

I therefore will render judgment in favor of the plaintiff against the Rambler Automobile Company and its managing officers and directors, A. E. Staacke, and H. G. Staacke, for the sum of two thousand dollars.''

The Court of Civil Appeals in its opinion affirming the case made findings of fact in part as follows:

''1. The automobile in which Routledge was riding when injured belonged to the Rambler Automobile Company, a corporation, and was in charge of its employee, Street, who hired or rented the car to persons, including his services, at $2.50 per hour, and was allowed by his employer as compensation 20% of his receipts. The car had been hired by one Adams, who invited Routledge to enter the same and take a ride with him and his companions. The appellants were not present and did not participate in any way in the negligent act of Street which caused appellee's injuries.

''2. Before the accident occurred Street informed Routledge that he was operating the machine for the Rambler Automobile Company, and that Adams had hired the machine from said company by the hour.

''3. The Rambler Automobile Company was granted a charter by the State of Texas on February 12th, 1904. The incorporators were A. Staacke, F. Kirchhoffer and A. C. Schell. The purpose for which it was incorporated was stated as follows in the charter: 'The purchase, sale and renting of automobiles, parts of and accessories to automobiles.'

''4. The capital stock was $5,000.00 divided into fifty shares, of which only twenty-five were ever issued. Of these twenty-two were issued to A. Staacke, the father of appellants, one to appellant H. G. Staacke, one to Kirchhoffer, appellants' brother-in-law, and the other to Schell, theretofore an employee of Staacke Bros. A. Staacke was elected President of the corporation; Kirchhoffer, Vice President; Schell, Secretary; appellant H. G. Staacke, Treasurer; and appellant A. E. Staacke, General Manager.

''5. On December 23d, 1904, appellant A. E. Staacke became the owner of the 23 shares which had been issued to A. Staacke and Kirchhoffer, and he was then elected president of the corporation, and H. G. Staacke vice president, Schell remaining the secretary. The stock and offices were thus held at the time appellee was injured.'' * * * * *

''8. The Rambler Automobile Company began business right after its organization. Its business consisted principally in hiring out the cars owned by it and those rented by it at first from Staacke Bros. and afterwards from A. E. Staacke, such hiring being carried on in the same manner as the transaction between Adams and its employee, Street, upon the occasion when appellee was injured. It never sold any automobiles, but did sell automobile accessories. The organizers of the corporation intended to engage principally in the business of hiring out automobiles at the time they filed the charter

and such purpose was known to appellants, one of whom at once went into the office of the general manager, and the other treasurer, of the business.''

In addition to the foregoing, the record shows that the business of the Rambler Automobile Company was conducted by it as a distinct corporate entity, separate and apart from that of Staacke Bros., or from that of the plaintiffs in error. The evidence also clearly shows that Street, who was driving the car when defendant in error was injured, was solely in the employ of the corporation, the Rambler Automobile Company, and that he was not in the employ of the plaintiffs in error as partners or individuals.

Defendant in error testified that on the night of April 25, 1905, he started to his home about eleven o'clock, and was walking along Commerce Street, in San Antonio, when some gentlemen came by in an automobile, one of whom was Dick Adams, who invited defendant in error to take a ride with them. The invitation was accepted, and, after visiting certain places of refreshment in the city, they started on a journey around the ''southern loop,'' defendant in error sitting on the front seat with the driver, and the others in the back seat. Before leaving town, while the car was still on Commerce Street, defendant in error asked the driver his name and for whom he was working. In response to this inquiry, Street, the driver, stated his name, informed defendant in error that he was working for the Rambler Automobile Company, and said that Richard Adams had hired the machine from the Rambler Automobile Company by the hour. Upon being asked the price of the machine, the driver gave defendant in error his business card, with his name and prices on the same. This card was introduced in evidence, and had on the face of it, among other things, ''Operator #16. Rambler Automobile Company. Automobile Station. 113-115 W. Crockett St. New Phone 957.'' On the reverse side of the card were the names of the various automobiles operated by the company and the price per hour for each of them. On cross examination, with reference to the conversation with Street and the card just referred to, defendant in error in part testified:

''When he presented this card to me, if I had read it I would understand that the number on its face, 113-115 West Crockett Street, was the place of business of the Rambler Automobile Company. Naturally, he gave it to me for the purpose of having me read it. Yes, sir, it also has 'New Phone 957.' I suppose I could have read that if I had desired to read it. I suppose I could have called up that number and have gotten any information I wanted, at any hour of the day or night, regarding the Rambler Automobile Company. If I called them up, I could have gotten any information. * * * * * Certainly, neither H. G. Staacke, E. A. Staacke, A. F. Staacke, or any of the defendants in this case, had anything to do with my taking passage on that car. Mr. E. A. Staacke was managing the concern. No, sir, he was not down there on the west

side of town that night with me. \* \* \* \* \* I did not inquire from Mr. Street whether they had a charter from the State, nor whether they had power under the law to operate an automobile and carry passengers. Didn't ask them any questions with reference to the charter, capital stock, nor the holders of the capital stock, nor whether they paid a franchise tax, or anything affecting the Rambler Automobile Company that night."

Defendant in error also stated that Adams invited him to ride in the automobile, and that he did not pay for any part of the service for the machine that night. He further testified that he had known the firm of Staacke Bros. all the time they had been in business in San Antonio, which was a good many years. He personally had lived in San Antonio about thirty years at the time of the last trial; was a lawyer, and was admitted to the bar in San Antonio, where he had practiced law for twenty years at the time of the trial. He stated that the Staackes did not represent anything to him about the Rambler Automobile Company being a corporation; that he secured a copy of the charter about a month after the date of his injury. Defendant in error also testified that, pursuant to the notice Street gave him, when he first instituted suit he sued the Rambler Automobile Company.

The charter of the Rambler Automobile Company was introduced in evidence. It is in due form, and shows to have been issued by the Secretary of State on the 12th of February, 1904. A. E. Staacke testified that in the preparation of the charter he had the advice of his attorney, Nat Jones, who prior to his death was a well known attorney of San Antonio. He stated that after securing the charter, the Rambler Automobile Company went into business at Nos. 113-115 West Crockett Street, at which place it conducted its business under the name, Rambler Automobile Company, until February 27, 1906; that the business so conducted was renting cars and handling all kinds of accessories for automobiles. He also testified that the business of the Rambler Automobile Company was done in a public way; that it had letterheads and cards which evidenced the fact that the company was a corporation; that it bought and sold its wares, mechandise, accessories and effects handled by the company in the name of the Rambler Automobile Company; that no one ever made inquiry as to whether or not the Rambler Automobile Company was a corporation; that if they had, they would have received information by being shown the books, charter, and stock books. He stated that no one had ever questioned the right of the corporation to do business under its charter, and that no officer of the State had ever made any complaint concerning the matter; that defendant in error never made any complaint to him about the manner in which the Rambler Automobile Company was organized, and that he never at any time withheld any information relative to the charter of the company.

The purpose clause in the charter of the Rambler Automobile Com-

pany defined its business as, "The purchase, sale and renting of automobiles, parts and accessories to automobiles."

The Court of Civil Appeals held that the power of *renting* automobiles was not authorized, saying. "No warrant existed under our law at that time for the filing of a charter wherein the purpose was stated, in whole or in part, as that of renting automobiles or other vehicles." We cannot accede to this proposition. Subdivision 24, Article 1121, of the Revised Statutes, authorized the creation of corporations for "the purchase and sale of goods, wares and merchandise, and agricultural and farm products." Such corporations have authority to rent, as well as to sell, goods, wares and merchandise, including automobiles; and the inclusion of this power in the purpose clause of the charter, while not necessary for its exercise, was entirely proper.

A corporation may not only convey or transfer its property absolutely, but since the power to lease is an incident to the ownership of the property, it may lease the same. The power to sell includes the power to lease, and the charter power to hold, purchase, sell or mortgage or otherwise convey property, includes the power to rent the property belonging to the corporation. Revised Statutes, Article 1140; Starke, Guardian, v. J. M. Guffey Petroleum Co., 98 Texas, 542, 551, 4 Ann. Cases, 11057, 86 S. W., 1; Fletcher's Cyclopedia of Corporations, Vol. 2, pages 2182, 2183, Section 1232.

It is a matter of common knowledge that mercantile establishments, as for example furniture dealers, dealers in musical instruments, bicycle dealers, dealers in arms, and perhaps others, not only sell, but rent, their merchandise. Shall we say that a corporation engaged in the furniture business shall not be permitted to rent its chairs, or that if it does do so, and one proves defective and injury results, that the stockholders shall be personally liable? We think not. Having the statutory right to sell goods, necessarily carries with it the right to rent them.

There existed no statute denying the Rambler Automobile Company the ordinary privilege of renting its vehicles, as well as selling them. It is true that in the instant case the company's employee operated the car, but this does not make it any the less a rental of the car. The fact that livery stable keepers rent their vehicles with drivers does not within itself make them common carriers of passengers within the legal meaning of that term. 17 R. C. L., 1053, Section 8.

In the present case it is undisputed that the car was rented by Adams. Its entire space was at his command, and was filled by those selected by him. The route of its journey, as well as the speed of the car, was directed by him. The use of the car was wholly his for the period of time contracted for. The rental was by the hour, unrelated to the distance traveled by the car, or the direction taken. So, it is quite plain that the contract with Adams, considered singly and alone, was not ultra vires, but was authorized by law,

and within the powers of the corporation. It was under this particular contract and the obligations thereof that defendant in error was injured. The fact that many other contracts of a similar nature had been entered into with other parties, in no manner contributed to or brought about his injury. If the manner in which the Rambler Automobile Company exercised generally its franchise, taken as a whole, was ultra vires, or constituted an abuse of its corporate privileges, such action did not affect the rights of the defendant in error  The manner in which the corporation generally exercised its corporate franchise did not bring about his injury. If in fact the company was acting beyond the warrant of law, the answer is that a violation of its charter powers did not of itself injure or affect any of the rights of defendant in error. The only injury of which he can be heard to complain would be the invasion of some legal or equitable right of his own. New Orleans M. & T. R. Co. v. Ellerman, 105 U. S., 166, 174, 26 L. Ed., 1015.

The actual wrong of which defendant in error complains in the instant case was a personal injury due to the negligence of the corporation, for which the corporation is liable, regardless of its corporate power or lack of corporate power to enter into the contract by virtue of which he was in the car at the time he was injured. 7 R. C. L., 684, Sections 683, 685.

The defendant in error was not injured by the other contracts or the abuse of the corporation's power and authority, but was injured by a tort or a tortious failure to properly carry out the contract with Adams. The only act which affected defendant in error was that growing out of the rental contract for the car by Adams, which was within itself lawful, and not ultra vires; and the stockholders and officers of the Rambler Automobile Company cannot be held liable for damages growing out of a tortious performance of that contract, merely because the corporation may have entered into a large number of similar contracts in such manner as to constitute an abuse of its corporate power. Dietrich v. Rothenberger, 25 Ky. Law., 338, 75 S. W., 271.

Subdivision 10, of Article 1121, authorizing the creation of corporations for the establishing and maintenance of stage lines, and Subdivision 18 of the same Article, permitting the formation of corporations for the transportation of goods, wares and merchandise, or any valuable thing, is each clearly broad enough to have permitted the formation of a corporation for the transportation of passengers for hire, or to engage in the business which defendant in error alleges was the business followed by the Rambler Automobile Company.

If it be said that the act of the Rambler Automobile Company in renting the car to Adams, and other similar acts, were ultra vires, still they were not unlawful. They were such acts as could lawfully be performed by individuals, partnerships, or corporations chartered under the foregoing subdivisions of Revised Statutes, Ar-

ticle 1121. The carriage of passengers for hire by automobiles was, therefore, neither against the law nor contrary to public policy. The only inhibition against it, in so far as the Rambler Automobile Company was concerned, must be found, if at all, under the terms of Revised Statutes, Article 1164, which prohibits corporations from using their funds for any purpose other than to accomplish the legitimate purposes of their creation. This general prohibition against a corporation exceeding its powers does not make its acts illegal as well as ultra vires. A distinction is to be made between the act of a corporation which is merely without authority, and one which is illegal. In the one case it is a question of authority; in the other, of legality. A corporate act becomes illegal when committed in violation of an express statute on a specific subject, or when it is *malum in se* or *malum prohibitum*, or when it is against public policy. Bond v. Terrell, etc. Mfg. Co., 82 Texas, 309, 18 S. W., 691; Texas, etc. R'y Co. v. Robards, 60 Texas, 545, 551, 48 Am. Rep., 268; Franco-Texas Land Co. v. Laigle, 59 Texas, 339.

In the present case, if it be granted that the acts of the Rambler Automobile Company complained of by defendant in error are ultra vires, still they were not in violation of an express statute, they were not *mala in se* or *mala prohibita*, or against public policy. The doing of such an ultra vires act would not make the plaintiffs in error, as stockholders or officers of the company, liable personally for the acts of the corporation. Seymour Opera House Co. v. Wooldridge, 31 S. W. 234; Rowley's Modern Law of Partnership, Vol. 1, Section 250; Tennessee Automatic Lighting Co. v. Massey, 56 S. W., 35, 38; Senour Mfg. Co. v. Church Paint & Mfg. Co., 81 Minn., 294, 84 N. W., 109, 111; Searight v. Payne, 2 Tenn. Ch. 175, 180; Frost Mfg. Co. v. Foster, 76 Iowa, 535, 41 N. W., 212; Linkhauf v. Lombard 137 N. Y., 417, 20 L. R. A., 48, 33 Am. St., 743; Trowbridge v. Scudder, 11 Cushing, 83; Sanford v. McArthur, 18 B. Monroe, 411, 420; Ohio Life Insurance & Trust Co. v. Merchants Insurance & Trust Co., 11 Humph. (Tenn.) 1, 53 Am. Dec., 742, 763.

The evidence is undisputed that Adams' entire transaction was with the Rambler Automobile Company, nor is it asserted that he did not know that this company was a corporation. Having dealt only with the agent of the corporation, and it not being an issue as to his knowledge of the corporation's existence, we think the presumption is that Adams made the contract with the corporation, knowing it to be such. Since defendant in error occupied the car by virtue of this contract, he was in privity with Adams, and the knowledge of Adams must necessarily be imputed to him. If we are mistaken in this, however, the evidence shows that defendant in error had information sufficient to have put him upon inquiry as to the status of the Rambler Automobile Company, and that inquiry would have shown that the Rambler Automobile Company was a corporation. The name was sufficient to put him upon inquiry. Mills v. State, 23 Texas, 295, 303, 304; State v. Hotel McCreery Co., 68 W. Va., 130,

Ann. Cases, 1912A, 966, Notes 969; 7 R. C. L., 37, page 699, Section 702.

Defendant in error having had sufficient notice to put him upon inquiry, and the facts showing that if this inquiry, which he in fact started, had been pursued, he would have learned the company was a corporation, he is charged with knowledge that the Rambler Automobile Company was a corporation. Briscoe v. Bronaugh, 1 Texas, 326, 46 Am. Dec., 108; 20 R. C. L., 346, Section 7. Knowing this, the law imputes to him notice of the general scope of its corporate powers. First National Bank v. Commercial National Bank, 99 Texas, 118, 87 S. W., 1032; Fitzhugh v. Franco-Texas Land Co., 81 Texas, 306, 313, 16 S. W., 1078; Kampman v. Tarver, 87 Texas, 491, 499, 24 S. W., 768; 7 R. C. L., 531, Section 515.

The defendant in error, having dealt with the Rambler Automobile Company as a corporation, and having become a beneficiary under its contract with Adams, cannot question the corporate authority of the company to enter into the contract, and hold the plaintiffs in error liable as individuals. Seymour Opera House Co. v. Wooldridge, 31 S. W., 234, 235; American Salt Co. v. Heidenheimer, 80 Texas, 344, 348, 26 Am. St., 743, 15 S. W., 1038; 7 R. C. L., 532, 533, Section 516; 14 Corpus Juris, 987, Section 1527.

The general rule is that the question of whether or not a corporation has acted in excess of its lawful powers can only be raised by one interested in the corporation, or in a direct proceeding brought by the State, either to forfeit the charter or to subject it to punishment for the unlawful act. New Orleans, M. & T. R. Co. v. Ellerman, 105 U. S., 166, 173; 7 R. C. L., 532, Section 516.

This Court, as well as the Supreme Court of the United States, has held that only the State, in a proceeding brought for the purpose, can inquire into the want of power of corporations to take and hold real estate. Scott v. Farmers & Merchants National Bank, 97 Texas, 31, 57, 104 Am. St., 835, 75 S. W., 7; Russell v. Texas & Pacific R'y Co., 68 Texas, 646, 652, 5 S. W., 686; Westbrook v. Missouri-Texas Land & Irrigation Co., 195 S. W., 1154, 1157; Cowell v. Springs Co., 100 U. S., 55, 60, 25 L. Ed., 547.

In these cases the power of the corporations to take and hold such real estate as was necessary for their corporate purposes was not questioned. The issue for decision was whether or not the real estate involved was within this power; in effect the issue was the extent and manner of the exercise of an admitted power. This Court held, as did the Court of Civil Appeals in the Westbrook Case, supra, and the United States Supreme Court in the last case cited, that such an inquiry could only be made by the State. In the instant case the Rambler Automobile Company had the undoubted right to rent or hire automobiles. From this it follows that the real nature of the insistence made by defendant in error is that this power had been abused, in that it had been exercised in such a manner and to such an extent that the company was engaged in the business of a common

cárrier of passengers, a power which, he says, such a corporation could not exercise. In other words, we are called upon the decide the question of the extent of the use of an admitted power of this corporation.

The principle upon which the cases supra were decided is applicable here. An inquiry into the abuse of its corporate power by the company can only be made by the State. Cases might possibly arise where the injury to a private litigant was so plainly due to an abuse of corporate power that he could maintain an action (New Orleans M. & T. R. Co. v. Ellerman, 105 U. S., 173), but here the alleged abuse of its corporate power by the Rambler Automobile Company is entirely unrelated to the injury sustained by defendant in error. Having no legal or equitable interest affected by the manner in which the Rambler Automobile Company exercised its corporate powers, he could not, before the accident to him, and cannot afterwards, maintain a suit, the effect of which is to inquire into the manner and extent of the exercise of its powers by the corporation.

From the foregoing it is apparent that defendant in error has shown no cause of action against the plaintiffs in error. The error of the trial court in awarding, and the Court of Civil Appeals in affirming, the judgment against them having been raised by appropriate assignments, the judgment against August Ernest Staacke and Herman George Staacke is reversed, and here rendered in their favor. In all other respects the judgment of the Court of Civil Appeals and of the trial court is affirmed.

*Reversed and rendered in part and in part affirmed.*