

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 22, 1948

Hon. M. B. Morgan, Commissioner
Bureau of Labor Statistics
Austin, Texas          Opinion No. V-613.

                          Re:  Legality of chartering
                               a corporation for the
                               purpose of operating an
                               employment agency.

Dear Mr. Morgan:

        You desire to know if the statutes of this
State authorize the creation of corporations for the
purpose of acting as an employment or labor agency.

        The statutes regulating employment or labor
agencies define such an agency as "any person in this
State who for a fee offers or attempts to procure or
procures employment for employees, or without a fee of-
fers or attempts to procure or procures employment for
common laborers or agricultural workers, or any person
who for a fee offers or attempts to procure or procures
employees for employers, or without a fee offers or at-
tempts to procure or procures common laborers or agri-
cultural workers for employers, or any person, regard-
less of whether a fee is received or due, offers or at-
tempts to supply or supplies the services of common or
agricultural workers to any person." V. C. S., Art.
5221a-4, Sec. 1, subdivision e.

        Our present Constitution forbids the creation
of corporations "except by general laws" and directs the
Legislature to enact "general laws. . . for the creation
of private corporations." Constitution, Art. XII, Secs..
1, 2.  Thus, corporations can be organized only for the
purposes specifically prescribed by general law.  It is
"The policy of our law to limit the right of a corpora-
tion to the specific purposes authorized by statute."
Staacke v. Routledge, 175 S. W. 444, 447, affirmed 111
Tex. 489, 241 S. W. 994.

        "A charter must specify the purpose for which
the corporation is to be created.  This should be done

Hon. M. B. Morgan, Page 2, V-613.

with sufficient clearness to enable the Secretary of State to see that the purpose specified is one provided for by the statute." Johnston v. Townsend, 103 Tex. 122, 124 S. W. 417. Corporations, 10 Tex. Juris.. 622, Sec. 31.

Now the Texas Employment and Labor Agency Law might be broad enough to empower the Commissioner of the Bureau of Labor Statistics to license a corporation acting as an employment agency if corporations were authorized in Texas to so act, which is a question we do not decide. But a most careful and detailed study of our statutes fails to disclose any authority in the Secretary of State to issue a corporation charter for such purpose. In the absence of such an authority the Secretary of State is not authorized to issue such a charter. Ramsey v. Tod, 95 Tex. 614, 69 S. W. 133, 93 Am. St. Rep. 875; Empire Mills v. Alston Grocery Co., 15 S. W. 200, 505, 12 L.R.A. 366. And, in order for a corporation to be eligible to an employment and labor agency license "it must be authorized by its charter to conduct the business for which a license is sought." Licenses, 53 C.J.S. 624, ¶ 33, n. 15.

### SUMMARY

A corporation cannot be chartered, under the present Texas law, for the purpose of operating an employment or labor agency.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By David Wuntch
Assistant

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL.

DW:rt:jmc