**SOUTHWESTERN GAS & ELECTRIC CO.**

v.

**CITY OF GILMER, TEX. et al.**

**Civ. No. 474.**

United States District Court
E. D. Texas, Jefferson Division.

Aug. 19, 1954.

R. L. Arnold, Texarkana, Ark., George Prendergast, Marshall, Tex., for plaintiff.

Edwin M. Fulton, Gilmer, Tex., for city of Gilmer, and others.

Edwin M. Fulton, Gilmer, Tex., William A. Brown, Austin, Tex., Bascom Perkins, Mt. Pleasant, Tex., W. D. Brown, Quitman, Tex., Clayton W. Field, Jr., Marshall, Tex., Dudley Lawson, Alto, Tex., John T. Life, Athens, Tex., Ross Hightower, Livingston, Tex., H. E. Pharr, Greenville, Tex., Hardy Moore, Paris, Tex., A. H. Waldrop, Henderson, Tex., A. G. Henry, Kaufman, Tex., T. Gilbert Adams, Jasper, Tex., for Upshur Rural Elec. Coop. Corp.

SHEEHY, District Judge.

Plaintiff instituted this suit seeking (1) a preliminary injunction enjoining the Defendant, Upshur Rural Electric Cooperative Corporation, which Defendant will hereinafter be referred to as the Co-op, from serving or taking any steps toward serving electric consumers in the city limits of the Defendant, City of Gilmer, Texas, in addition to those being served by the Co-op as of the time the Defendant City granted a franchise to the Co-op on July 15, 1954; (2) judgment declaring null and void a franchise, hereinafter more particularly described, that the City of Gilmer granted to the Co-op on July 15, 1954; (3) the making permanent of the injunction, referred to in (1) above; and (4) upon final hearing a mandatory injunction against the Co-op requiring and directing it to cease and desist from serving any customers within the city limits of the City of Gilmer, Texas and requiring and directing the Co-op to surrender said customers to Plaintiff. The Defendants, respectively, filed motions to dismiss this action and a hearing was had on the Plaintiff's motion for preliminary injunction and on the Defendants' respective motions to dismiss and evidence was offered in connection with said motions.

From the record herein and the evidence offered at the hearing it is found: that the Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Delaware with a permit to do business in the State of Texas, and at all times pertinent hereto was engaged in the electric utility business in the State of Texas consisting of the transmission and sale of electric power or energy in various cities and political sub-divisions of the State of Texas, including the City of Gilmer, Texas, one of the Defendants herein; the Defendant, Upshur Rural Electric Cooperative Corporation, is a Texas corporation organized and existing under and by virtue of the Electric Cooperative Corporation Act of Texas, Art. 1528b, Vernon's Annotated Civil Statutes of Texas, and was incorporated in 1937; that the City of Gilmer is an incorporated city under the General Laws of Texas, having been incorporated in 1858, and at all times pertinent hereto had a population in excess of 1,500 inhabitants; that the individual Defendants constitute the City Council of the City of Gilmer, the governing body of that city, and said individual Defendants are sued only in their official capacities; that the Plaintiff alleges that because of the conduct of the Defendants complained of it has been damaged in a sum far in excess of $3,000, exclusive of interest and costs; that for a number of years the Plaintiff under franchises granted by the City of Gilmer has been furnishing electric energy to the inhabitants and business establishments of the City of Gilmer, Texas; that the franchise under which the Plaintiff is now selling, distributing and transmitting electric energy in the City of Gilmer was granted to Plaintiff by the city on July 10, 1952 for a period of thirty years commencing on July 10, 1952; that this franchise gave to Plaintiff the right to sell, distribute and transmit electric energy in, through and beyond the City of Gilmer, including the right to erect, maintain, operate, etc. poles, wires, conduits, etc. in, over, under, across, along and through any of the streets, alleys, avenues, sidewalks, bridges, public grounds and public places of the City of Gilmer for said purposes; that said franchise is still in full force and effect; that since its incorporation, the Defendant, Co-op, has been engaged in the selling, distributing and transmitting of electric energy in the rural areas of Upshur County, Texas (the county in which the City of Gilmer is located) and the rural areas of other counties of Texas adjacent to or near Upshur County; that in 1949 the City of Gilmer extended its corporate limits so as to include within the corporate limits of the city certain areas south and west of the then corporate limits of the city; that prior to and at the time these areas were brought into the corporate limits of the City of Gilmer in 1949 the Defend-

ant Co-op had extended its power lines into those areas and was furnishing its members residing within those areas with electric power or energy and has continued from that time to this time to furnish its said members in those areas with electric power or energy; that in 1952 the Defendant, City of Gilmer, further extended its city limits and in the area then taken into the city the Defendant, Co-op, was maintaining its lines and furnishing its members residing in that area with electric power or energy and has continued from that time to this time to furnish its said members in said area with electric power or energy; that the Defendant, Co-op, is now furnishing electric power or energy to approximately twenty-five of its members who reside in the areas taken into the city limits of Gilmer in 1949 and 1952, as above pointed out, and intends to continue to so furnish said members with electric power or energy and intends to furnish any other persons located within said areas taken into the city limits of the City of Gilmer, Texas, who might become its member in the future, with electric power or energy; that on July 15, 1954 the City of Gilmer granted to the Defendant, Co-op, a franchise to sell, distribute and transmit electric energy to inhabitants of those areas annexed to the City of Gilmer in which the Defendant, Co-op, was furnishing some of the inhabitants with electric energy at the time the area was included within the city limits of the City of Gilmer and in all areas that may be annexed and included within the corporate limits of the City of Gilmer in the future in which the Co-op at the time of annexation was furnishing electric energy to some of the inhabitants of such area, including the right to erect, construct, maintain, etc. a system of poles, transmission lines, etc. in said areas; that the franchise granted the Co-op on July 15, 1954 was to be for a period of thirty years commencing on July 10, 1952; that at all times since the areas were annexed to the City of Gilmer in 1949, as aforesaid, central station service of electric energy by the Plaintiff has been available to the inhabitants of those areas and at all times since the area annexed to the City of Gilmer in 1952, as aforesaid, central station service of electric energy by the Plaintiff has been available to all of the inhabitants of that area; that on February 18, 1939 the charter of the Co-op was amended with the approval of the Secretary of State of the State of Texas and as amended provided that among the purposes for which the Co-op was organized the Co-op was to engage in rural electrification and to generate, manufacture, purchase, acquire and accumulate electric energy and to transmit, distribute, furnish, sell and dispose of such electric energy to its members only; and that if the Co-op is permitted to continue to serve and furnish electric energy to inhabitants of the areas annexed to the City of Gilmer in 1949 and 1952, as above pointed out, plaintiff will suffer and will continue to suffer irreparable injury.

The Plaintiff contends that under the Texas Electric Cooperative Corporation Act the Co-op has no right to serve or furnish electric energy to any person or persons residing within the corporate limits of the City of Gilmer and particularly those areas of the city that were annexed in 1949 and 1952, as above found, and that because of the lack of right of the Co-op to furnish such electric energy the franchise granted the Co-op by the City of Gilmer on July 15, 1954, above referred to, is null and void and of no force and effect. The Defendants in answer to the Plaintiff's contentions and in connection with their respective motions to dismiss contend, in effect, that the Co-op has the right and power to serve and furnish electric energy to its members residing in the areas annexed to the City and that even if the Co-op does not have such right or power, the Plaintiff cannot in this proceeding question its right or power to serve and furnish electric energy to its members in the annexed area.

Neither the franchise granted the Plaintiff nor the franchise granted the Co-op was an exclusive one. Under the

Constitution and Statutes of Texas a city cannot grant an exclusive franchise in the field covered by the franchises in question.[1] It is conceded that under the law of Texas the City of Gilmer has the power and authority to grant such number of franchises for the sale, distribution, etc. of electric energy to as many persons or corporations as it desires. The Plaintiff is not questioning the right of the city in that respect. What the Plaintiff is questioning is the right or power of the Co-op to accept the franchise and its right or power to furnish inhabitants of the City of Gilmer with electric energy.

The Texas Cooperative Corporation Act, Art. 1528b, Vernon's Annotated Civil Statutes of Texas, was passed by the Legislature of Texas in 1937. It is apparent from a reading of the Act that the purpose the Legislature had in mind in enacting that legislation was the furnishing of electric energy to inhabitants of rural areas to whom electric energy was not then available from other sources. In 1949 the Legislature of Texas enacted Article 1436a, Vernon's Annotated Civil Statutes of Texas. The purposes of Article 1436a and the intent of the Legislature in enacting that statute is fully reviewed and discussed in both the majority and minority opinions of the Supreme Court of Texas in City of Mason v. West Texas Utilities Co., 237 S.W.2d 273. The Co-op contends that even if it should be determined that it did not have the right or power to furnish electric energy to inhabitants of the areas in dispute herein under the Texas Electric Cooperative Corporation Act, Art. 1436a conferred upon it that right or power. Whether the Co-op has such right or power under the Texas Electric Cooperative Corporation Act or whether it has such right or power in light of the provisions of Art. 1436a are questions that are not free from doubt. However, since the right of the

Plaintiff to maintain this action and question the right of the Co-op to furnish electric energy in the disputed areas is being questioned, the question as to that right should first be determined. If the Plaintiff does not have such right, then a decision as to the right or power of the Co-op to furnish electric energy in the disputed areas would not be necessary.

For the purpose of determining the right of Plaintiff to maintain this action and thereby question the right or power of the Co-op to furnish electric energy in the disputed areas, it will be assumed, without so holding, that the furnishing of electric energy to the inhabitants in the annexed areas of the City of Gilmer, above referred to, is beyond and outside the corporate powers of the Co-op.

■ It is the settled rule in Texas that the question of whether or not a corporation has acted in excess of its lawful powers can only be raised by one interested in the corporation, or in a direct proceeding brought by the State. Houston Life Ins. Co. v. Dabbs, 132 Tex. 566, 125 S.W.2d 1041; Staacke v. Routledge, 111 Tex. 489, 241 S.W. 994; Scott v. Farmers' & Merchants' National Bank, 97 Tex. 31, 75 S.W. 7; Russell v. Texas & P. Ry. Co., 68 Tex. 646, 5 S.W. 686; Antone v. Kurth Lumber Mfg. Co., Tex.Civ.App., 205 S.W.2d 438; English v. Landa Motor Lines, Tex.Civ.App., 166 S.W.2d 721 (Writ of Error Refused); Christopher v. City of El Paso, Tex.Civ. App., 98 S.W.2d 394 (Writ of Error Dismissed); and 10 Tex.Jur. Sec. 257, p. 898.

■ In English v. Landa Motor Lines, supra, English questioned the right of Landa Motor Lines to operate a common carrier motor carrier service in the State of Texas pursuant to a certificate of convenience and necessity to operate as such a carrier issued by the Railroad Commission of Texas. English contend-

1. Art. 1, Sec. 26, Constitution of Texas, Vernon's Annotated Statutes of Texas; Art. 7428a, Vernon's Annotated Civil Statutes of Texas; City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S.W. 143; and West Texas Utilities Co. v. Smith, Tex.Civ.App., 168 S.W.2d 665 (Writ of Error Refused).

ed that since Landa Motor Lines was nothing more than an instrumentality or alter ego of the Louisiana and Arkansas Railroad Company, it could not operate a common carrier motor carrier service in Texas because such operation is ultra vires of Texas railroad corporate powers. As pointed out in the opinion, the only interest English had in the matter was that of a competitor operating a similar carrier service. The Court of Civil Appeals in holding that English did not have the right to raise the question as to corporate powers stated [Tex.Civ. App., 166 S.W.2d 723]:

> "In the first place the only interest of appellant in the operation under the certificate involved is that of a competitor, and he cannot raise either before the Commission or elsewhere the question of whether the operation is ultra vires of the charter powers of the L & A company; * * *. *These questions can be raised only by one interested in the corporation, or by the State.*"
> (Emphasis Supplied.)

In view of the provisions of Rule 483, Texas Rules of Civil Procedure, the Supreme Court of Texas by its action in refusing the application for Writ of Error in the English case placed its approval on this holding of the Court of Civil Appeals.

In connection with the rule, next above mentioned, it should be pointed out that the Constitution of Texas places upon the Attorney General of Texas the responsibility of taking the action necessary to prevent a corporation from exercising any power not authorized by law,[2] and Art. 6253, Vernon's Annotated Civil Statutes of Texas, authorizes the Attorney General of Texas to bring a suit in the nature of a quo warranto proceeding to question the right of a corporation to exercise purported corporate powers. Private persons can thereby be protected because usually a quo warranto proceeding to test the corporate powers of a corporation is brought at the instance of a private relator.[3] Such was the procedure in State ex rel. City of Jasper v. Gulf States Utilities Co., 144 Tex. 184, 189 S.W.2d 693.

In considering the question as to who can question the acts of a corporation a distinction is to be made between the act of a corporation which is merely without authority, and one which is illegal. In the one case it is a question of authority; in the other, of legality.[4] In Texas a corporate act only becomes illegal when committed in violation of an express statute on a specific subject or when it is malum in se or malum prohibitum, or when it is against public policy.[5]

Is the act of the Co-op in furnishing the inhabitants of the annexed areas of the City of Gilmer with electric energy or power illegal as distinguished from being without authority or ultra vires? In my opinion, it is not. It is true that the Texas Electric Cooperative Corporation Act provides that one of the purposes for which corporations may be organized under the Act is the furnishing of electric energy to persons in rural areas who are not receiving central station service; that the Act defines "rural area" as meaning any area not included within the boundaries of any incorporated or unincorporated city, town, village or borough having a population in excess of 1,500 inhabitants; and that the Act gives to corporations incorporated under the Act the power to distribute, furnish and dispose of electric energy to its members only, but I find no express provision in either the Electric Cooperative Corporation Act or in any other Texas statute expressly prohibiting a corporation organized under the Electric Cooperative Corporation Act from having as one of its members a

---

2. Art. IV, Sec. 22, Constitution of Texas, Vernon's Annotated Statutes of Texas.

3. 34 Tex.Jur. Sec. 12, p. 856.

4. Staacke v. Routledge, supra.

5. Staacke v. Routledge, supra; Bond v. Terrell Cotton & W. Mfg. Co., 82 Tex. 309, 18 S.W. 691; and 10 Tex.Jur. Sec. 261, p. 906.

person residing within the corporate limits of an incorporated city having a population in excess of 1,500 inhabitants or from furnishing one of its members residing within the corporate limits of an incorporated city having a population in excess of 1,500 inhabitants with electric energy. Certainly it cannot be said that the furnishing of electric energy by a corporation to inhabitants of an incorporated city with a population in excess of 1,500 inhabitants is malum in se, or malum prohibitum or against public policy.

Article 1349, Vernon's Annotated Civil Statutes of Texas specifically prohibits a corporation from using its funds for any purpose other than to accomplish the legitimate purposes of its creation. The courts of Texas hold that the acts of a corporation in violation of this statute are not illegal but are merely without authority or ultra vires.[6] Furthermore, it is the settled law of Texas that a corporation which purchases land for a purpose other than those permitted by law acquires a title which is good and binding as to all the world except the state.[7]

 It is concluded that if the Co-op does not have the right to furnish electric energy to inhabitants of the annexed areas of the City of Gilmer who are its members now and to inhabitants of that area who may become its members in the future, its conduct in furnishing said inhabitants with electric energy is merely without corporate authority or ultra vires and, therefore, its conduct in that respect cannot be questioned in this proceeding by the Plaintiff but can be questioned only by one interested in the corporation or in a direct proceeding brought by the State.

 In my opinion, there is another reason why Plaintiff has no right to maintain this action, i. e.—No legally, cognizable and justiciable right or interest of Plaintiff is infringed or invaded or will be infringed or invaded because of the Co-op supplying and furnishing its members within the annexed areas of the City of Gilmer, Texas with electric energy pursuant to the franchise granted the Co-op by the City of Gilmer. West Texas Utilities Co. v. Smith, Tex.Civ.App., 168 S.W.2d 665, Writ of Error Refused; Arkansas Louisiana Gas Co. v. City of Texarkana, Texas, 5 Cir., 100 F.2d 652; Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; New Orleans, M. & T. R. Co. v. Ellerman, 105 U.S. 166, 26 L.Ed. 1015.

The pith of the Plaintiff's complaint herein is the competition the Co-op is giving it and that it anticipates the Co-op will give it in the future by reason of furnishing electric energy to its members in the annexed areas of the City of Gilmer. Unquestionably, the Plaintiff has suffered damages and will continue to suffer damages because of this competition but its damages suffered and to be suffered are attributable to the competition, and to that alone. Plaintiff's franchise granted by the City of Gilmer, while having elements of property, confers no contractual or property right on Plaintiff to be free of competition either from individuals or other corporations. As above pointed out, Plaintiff does not have and could not have an exclusive franchise to furnish electricity to the inhabitants of the City of Gilmer, and the City of Gilmer under the law of Texas can grant as many franchises to as many individuals or corporations for the furnishing of electric energy within the City of Gilmer as it might desire. The competition of the Co-op here complained of by the Plaintiff is not illegal. The only injury of which Plaintiff can be heard in a judicial tribunal to complain is the invasion of some legal or equitable right. In the instant case the Plaintiff has no right either legal or equitable to be free from competition in the furnishing of electric energy within the City of Gilmer. Although the competition of the

6. Staacke v. Routledge, supra; and English v. Landa Motor Lines, supra.

7. Staacke v. Routledge, supra; and 10 Tex.Jur. Sec. 258, p. 899.

Co-op is causing and will cause Plaintiff damage such damage, under the authorities last above cited, is *damnum absque injuria,*—a damage not consequent upon the violation of any right recognized by law.

In West Texas Utilities Co. v. Smith, supra, the appellant, referred to as Utilities, sought an injunction against the City of Winters, its officials and the Universal Electric Construction Company of Alabama, Inc., referred to as Universal, to enjoin the construction of a plant for the generation and distribution of electric current by the City of Winters in said city. Utilities was engaged in distributing and selling electric energy in the City of Winters under a valid franchise. The plant for the city was being built by the construction company under a contract and the cost of the construction was to be paid by revenue bonds issued by the City of Winters. The Texas Court of Civil Appeals in holding that Utilities did not have a right to maintain the suit said [Tex.Civ. App., 168 S.W.2d 666]:

"Equally well settled is the proposition that Utilities as a competitor has no justiciable interest in the subject matter essential to its right to maintain the suit. It is not contended that Utilities had an exclusive franchise to conduct its business in the City. * * * The gist of Utilities' complaint is that the means, method, or procedure by which the City acquired the plant or the funds (execution of bonds) for its acquisition were illegal,—that is, not in accordance with statutory requirements. That a competitor, as such, is not in position to urge these issues seems quite well established. Among leading authorities upon this point are: Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; New Orleans, M. & T. R. Co. v. Ellerman, 105 U.S. 166, 26 L.Ed. 1015."

In Tennessee Electric Power Co. v. Tennessee Valley Authorities, supra, it was held that electric utility corporations, not having an exclusive franchise, cannot assail the validity of the provisions of the Act of Congress which authorized supplying electric energy in competition with the complaining corporations. In answer to the challenge of constitutionality of the statutory grant of power, the exercise of which resulted in competition, the Supreme Court said [306 U.S. 118, 59 S.Ct. 370]:

"This is but to say that if the commodity used by a competitor was not lawfully obtained by it the corporation with which it competes may render it liable in damages or enjoin it from further competition because of the illegal derivation of that which it sells. If the thesis were sound, appellants could enjoin a competing corporation or agency on the ground that its injurious competition is ultra vires, that there is a defect in the grant of powers to it, or that the means of competition were acquired by some violation of the Constitution. The contention is foreclosed by prior decisions that the damage consequent on competition, otherwise lawful, is in such circumstances damnum absque injuria, and will not support a cause of action or a right to sue."

This quoted language of the opinion in the Tennessee Valley Authorities case was quoted with approval in West Texas Utilities Co. v. Smith, supra. Another case cited with approval in West Texas Utilities Co. v. Smith, supra, is Arkansas Louisiana Gas Co. v. City of Texarkana, Texas, supra. In the last mentioned case, which was tried in the Texarkana Division of this court, appellant, a public service company owning and operating, under franchise, a natural gas distribution system in the City of Texarkana by which it served with natural gas the city and its inhabitants, brought suit against the City of Texarkana, Texas and others attacking a proposed construction by the city of a natural gas

distribution system for the distribution of natural gas to inhabitants of the city. The appellant contended that the construction of such a gas distribution system by the city was unlawful and that such would result in unlawful and ruinous competition with appellant's gas distribution system. The United States Court of Appeals for the Fifth Circuit in an opinion by Judge Hutcheson held that no legal, cognizable and justiciable right or interest of the appellant was infringed or invaded by the proposed construction and operation of the natural gas distribution system by the city and in so holding stated [5th Cir., 100 F.2d 654]:

"Whether, then, it has the power to institute the system under Art. 1111 by issuing revenue bonds, and whether the particular contracts and acts of the City, brought into question here, are subject to question, is wholly immaterial, for, granting as it must, that the City has the power to subject appellant to competition, it does not lie in appellant's mouth to question the means or methods by which this competition is launched."

Plaintiff in asserting its right to maintain this action relies on Tugwell v. Eagle Pass Ferry Co., 74 Tex. 480, 9 S.W. 120 and on rehearing 74 Tex. 480, 13 S.W. 654 and the line of cases following the holding in that case. Those cases support the right of one holding a valid license or certificate of convenience and necessity to engage in a business to challenge the validity of a like license or certificate of a competitor or the lack of a like license or certificate by a competitor. For example, in the Tugwell case Tugwell, who had been granted a license to operate a ferry-boat, was permitted to prosecute an action to enjoin Eagle Pass Ferry Co. from operating a ferry-boat between the same points Tugwell was licensed to operate a ferry-boat. The statutes of Texas in force at that time required the operator of a ferry-boat to obtain a license and made it un-

lawful for anyone to operate a ferry-boat without such a license. The Eagle Pass Ferry Co. had no license to operate the ferry-boat Tugwell was complaining of. There is no provision in the law of Texas requiring either an individual or a corporation to obtain a license or a certificate of convenience for the sale and distribution of electric energy within the corporate limits of a city or elsewhere in the State of Texas. The line of cases relied on by Plaintiff is clearly distinguishable from the case at bar. That distinction is pointed out by the Supreme Court in the Ickes case, supra, in its discussion of its prior holding in Frost v. Corporation Commission, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483, which last mentioned case is similar to the Tugwell case both as to the facts and as to the holding of the court. In that case Frost owned a cotton ginning business in the City of Durant, Oklahoma for the operation of which he had a license from the corporation commission. The law of Oklahoma provides that no gin should be operated without a license from the commission, which could be obtained only upon specified conditions. The Durant Co-operative Gin Co. sought to obtain a permit from the commission to operate a gin in Durant. The Supreme Court held, for reasons stated in the opinion, that the permit sought by the Durant Co-operative Gin Co. would be void. The Supreme Court further held that while the acquisition of the license by Frost did not preclude the state from making similar valid grants to others, it was *exclusive* against an attempt to operate a competing gin without a permit or under a void permit. In other words, it was held that competition with Frost without a license or permit or under a void license or permit would be unlawful. It was under this holding that Frost's right to an injunction against the commission and the Durant Co-operative Gin Co. was sustained. That holding in the Frost case is, in my opinion, on all-fours with the holdings in the cases, illustrative of which is the Tugwell case, supra, relied on by Plaintiff. That that line of

cases is distinguishable from a case like the instant case is recognized and pointed out by the Texas Court of Civil Appeals in West Texas Utilities Co. v. Smith, supra.

In view of the conclusions reached as to Plaintiff's right to maintain this action, it will not be necessary to determine the questions relating to the Co-op's right or power to furnish electric energy within the corporate limits of the City of Gilmer.

The preliminary injunction as prayed for by Plaintiff will be denied and this cause will be in all things dismissed.