**SOUTHWESTERN GAS AND ELECTRIC COMPANY, Appellant,**

v.

**The CITY OF GILMER, TEXAS, et al.,**
**Appellees.**

**No. 15381.**

United States Court of Appeals
Fifth Circuit.

Aug. 9, 1955.

Rehearing Denied Sept. 29, 1955.

Richard L. Arnold, Texarkana, Ark., George Prendergast, Marshall, Tex., for appellant.

William A. Brown, Austin, Tex., Edwin M. Fulton, Gilmer, Tex., Dan Moody, Austin, Tex., Fulton, Hancock & McClain, Gilmer, Tex., Powell, Wirtz, Rauhut & McGinnis, Austin, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant, plaintiff below, is a public utility engaged in the distribution and sale of electric power in the City of Gilmer, where it enjoys a thirty year franchise granted by the City, and in other places in the State.

The appellees, defendants below, are the City of Gilmer, Texas, and the Upshur Rural Electric Cooperative Corporation.

Alleging: that Art. 1528b of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St., the Electric Cooperative Corporation Act, expressly limits cooperatives to serving their members, and membership in such corporations, to persons in rural areas who are not receiving central station service; and that

the defendant Upshur was illegally undertaking to sell and selling electric service to persons living in the City of Gilmer under a purported but invalid franchise from said city, plaintiff sought a preliminary and final injunction against Upshur from continuing said service, and a decree against both defendants declaring the purported franchise null and void.

The defendant Upshur filed a motion to dismiss on the ground that at the best for plaintiff all that is alleged or shown is that defendant is undertaking to act beyond its charter powers and plaintiff cannot complain of or enjoin the acts of the defendant even if they are ultra vires, for it is the settled law of Texas that whether or not a corporation has acted beyond its power can be raised only by one interested in the corporation or in a direct proceeding brought by the state.

In addition, both the Upshur and the City of Gilmer moved to dismiss on the ground that the complaint failed to state a cause of action upon which relief could be granted.

Thereafter plaintiff's application for preliminary injunction and the defendants' respective motions to dismiss coming on for hearing on evidence and argument, the court announced and filed an opinion, with which we are in full agreement.[1] In it, fully setting out the facts and stating at length his reasons for doing so,[2] he held with the defendants that at best for plaintiff, what was alleged and shown was that the acts of the cooperative were ultra vires and that of this plaintiff could not, but only the state could complain. So holding, he denied the injunction prayed for and dismissed plaintiff's suit, and it is here insisting that the judgment was wrong and may not stand.

We do not think so. On the contrary, of the clear opinion that for the reasons stated by him the district judge was right in dismissing the suit, we approve his opinion and affirm his judgment, without prejudice, of course, to the maintenance of, or any action taken or to be taken, or judgment rendered or to be rendered in, the pending suit, State of Texas ex rel. Southwestern Gas & Electric Co. v. Upshur Rural Electric Cooperative et al., No. 99,812 in the District Court of Travis County, Texas, 126th Judicial District, or in any other suit brought or to be brought in the Texas courts on the relation of Southwestern Gas & Electric Company.

---

1. Southwestern Gas & Elec. Co. v. City of Gilmer, Texas, D.C., 123 F.Supp. 11.

2. Cf. Chappell v. Goltsman, 5 Cir., 186 F. 2d 215.