Rehearing Denied June 21, 1962.

Gragg, Storey & Griffith, J. Willard Gragg, Dallas, for appellants.

Curtis White, Dallas, for appellees.

TIREY, Justice.

This action is one in the nature of a suit for a declaratory judgment and also to obtain injunctive relief. The cause was tried without the aid of a jury. The court found that plaintiffs are entitled to a declaratory judgment, and that neither Laurel Land Memorial Park, Inc., nor Widner Organizations, Inc., have any right to sell (directly or indirectly) tombstones, monuments, markers and memorials, and decreed accordingly. The court further found that under defendant's charters, and under the laws of the State of Texas, that such corporations are not entitled to sell tombstones, monuments, markers and memorials. The Court further found and decreed that the defendants have a right to make reasonable rules governing the operation of cemeteries, including the right to have the exclusive privilege of building foundations and placing and installing tombstones, monuments, markers and memorials on the lots of lot owners, and that they have the authority to make reasonable charges to build foundations and to place or install tombstones, monuments and markers and memorials on the lots of lot owners. The court also found that the present rules and charges made by the Laurel Land Memorial Park, Inc., are not unreasonable. It decreed that the Widner Organizations, Inc., had not been illegally incorporated, and taxed all costs against the defendants. The court refused plaintiffs' injunctive relief, to which they excepted. The defendants duly excepted and gave notice of appeal to the Dallas Court, and the cause is here on transfer.

The decree is assailed on 2 Points. They are substantially to the effect that the Court erred: (1) In not sustaining ·the appellants' plea in bar to the jurisdiction of the court to try this cause and entering an order of dismissal, because such suit is one seeking to challenge the corporate authority of the appellant to do certain acts under their respective charter powers and the Statutes of the State of Texas, and that the exclusive remedy by which corporate powers can be so challenged is by quo warranto proceedings instituted by the Attorney General of the State of Texas; (2) In declaring that appellants have no right to sell monuments, markers, tombstones and memorials under the provisions of their respective corporate charters and the Statutes of the State of Texas; and in not declaring and adjudicating in its judgment that the appellants do have the lawful right under the terms and provisions of their respective charters and the Statutes of the State of Texas to engage in the business of selling monuments, markers, tombstones and memorials.

A statement is necessary. The appellees went to trial on their first amended original petition. It consists of some eighteen pages of legal cap paper and some 13 pages of exhibits. As we understand the plaintiffs' petition, it sets out the respective business of each of the plaintiffs and alleged in effect that they are engaged in the business of preparing and selling tombstones, memorials, monuments, and markers for deceased persons. It alleges that the defendants are engaged in the business of maintaining and operating cemeteries, and in the further business of selling tombstones, monuments, markers and memorials by the adoption, promulgation and publishing of arbitrary rules regarding installation of tombstones, monuments, markers and memorials by other monument dealers, including plaintiffs, and by requiring other monument dealers, including plaintiffs, to pay the cemeteries arbitrary and unreasonable fees for the privilege of setting tombstones, monuments, markers and memorials by independent dealers, including plaintiffs, and denying such independent dealers, including plaintiffs, the right to set their own tombstones,

monuments, markers and memorials, and in following a course of conduct designed to establish for themselves a monopoly in the business of selling and installing tombstones, monuments, markers and memorials; that such a course of business has coerced and forced purchasers to obtain their tombstones, memorials, markers and monuments from the defendants rather than the monument dealers, including these plaintiffs. The defendants went to trial on their first amended original answer, and pertinent to this discussion they excepted to the jurisdiction of the court wherein the plaintiffs challenged the corporate authority of these defendants, and averred that such corporate authority could not be challenged by the plaintiffs in their alleged cause of action, because the sole and exclusive remedy by which such powers can be properly and legally challenged is by quo warranto proceedings instituted by the proper public officials or officers of the State of Texas, and that because of such fact this cause should be dismissed. There are many other special exceptions urged by defendants, but since under our views they pass out of the case, we will not further refer to them. Defendants specially averred that the sole and exclusive manner in which the corporate charter of any corporation can be challenged in court, or wherein the conduct of its business under the powers of its corporate charter, can be challenged, is by appropriate quo warranto proceedings instituted by the proper officials of the State of Texas, and averred that plaintiffs are without authority to allege and maintain their alleged cause of action, and prayed that this cause be dismissed.

We think that Point 1 should have been sustained by the court, and that this cause should have been dismissed for reasons which we shall hereinafter briefly state. We refer to Article 4 of the Constitution of the State of Texas, and particularly to Section 22, which defines to some extent the powers of the Attorney General of the State of Texas. In this Article we find this provision relating to the Attorney General:

"He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law, and give legal advice in writing to the Governor and other executive officers, when requested by them, and perform such other duties as may be required by law." Article 6253 of Vernon's Ann.Civil Statutes under the title of Quo Warranto, provides in effect that if any corporation exercises power not conferred by law that the Attorney General may, either of his own accord or at the instance of any individual relator, present a petition to the District Court of the proper county, or any Judge thereof in vacation, for legal information. In the case of State v. International & G. N. R. Company, 89 Tex. 562, 1069, 35 S.W. 1067, the Supreme Court of Texas was called upon to determine the validity and constitutionality of such statute in quo warranto proceedings instituted by the County Attorney of Galveston County, alleging that the railroad corporation was engaged in exercising powers not conferred upon it by law. The Court in its opinion held that the conferring upon the Attorney General of the specific authority to "take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * * not authorized by law," evidences an intent to make such authority exclusive in such officer. Needless to say that the Attorney General has not authorized the suit, and has not brought the suit, and necessarily, under this decision, plaintiffs' cause of action must fail. See also Maud v. Terrell, 109 Tex. 97, 200 S.W. 375, Point 2; Garcia v. Laughlin, 155 Tex. 261, 285 S.W.2d 191, p. 194, points 1 and 2; Southwestern Gas and Electric Co. v. City of Gilmer, D.C., 123 F.Supp. 11 (see cases cited p. 15, Point 1) which was affirmed in 5. Cir., 224 F.2d 794. In this case the plaintiff sought to have a judgment entered by the court decreeing that the defendants could not sell tombstones, markers, memorials and monuments under their respective charter powers, and the Statutes of this State, and they sought an injunction against

**732**

defendants from doing such acts. Plaintiffs' petition is not called a proceeding in quo warranto, it is obviously a suit of the exactly same type or nature as quo warranto proceedings and under the Texas Constitution and the foregoing decision, it is clear to this court that the trial court erred in not sustaining the appellants' plea to the jurisdiction and in not dismissing the cause. Certainly under the undisputed factual situation the Court should have sustained the plea, and should have dismissed this cause. It necessarily follows that the court did not have the right to enter any order with reference to what the defendants could or could not do in this cause, and necessarily Point 2 passes out of the case. The judgment of the District Court is reversed and remanded, and the Court is directed to dismiss this cause at the appellees' costs.

Accordingly, this cause is reversed and remanded, and the District Court is ordered to dismiss the suit and tax all costs against appellees.

Court of Civil Appeals of Texas.