Daniel J. MULCAHY, Appellant,

v.

HOUSTON STEEL DRUM COMPANY, Inc.,
Appellee.

No. 11392.

Court of Civil Appeals of Texas.

Austin.

April 27, 1966.

**818**

Daniel J. Mulcahy, Houston, for appellant.

Wilson & Osborn, Joe A. Osborn, Austin, Wynne, Jaffe & Tinsley, Morris I. Jaffe, Dallas, for appellee.

PHILLIPS, Justice.

This case involves the right of appellant Mulcahy to intervene in a Bill of Review proceeding brought by the appellee Houston Steel Drum Company against the Secretary of State and Attorney General of Texas seeking to reinstate its corporate charter previously forfeited for failure to pay franchise taxes to the State of Texas.

After the court heard appellee's motion to strike appellant's pleadings in intervention, the court ruled as a matter of law that appellant had not alleged sufficient facts to entitle him to intervene. The parties had stipulated that the facts alleged in appellant's pleadings were true for the purposes of the hearing.

We affirm the judgment of the trial court.

In January of 1965 appellee filed its Bill of Review in the District Court of Travis County naming the Secretary of State and the Attorney General as respondents alleging that it was granted a corporate charter by the State of Texas in 1954; that in November of 1964 a default judgment had been entered against appellee forfeiting its corporate charter for nonpayment of its franchise taxes to the State for the years 1960–64; that such failure of appellee to pay the taxes was due to its internal reorganization during the period, with a resulting confusion and lack of receipt of notices by the past and present shareholders, officers and directors of appellee; that contrary to the allegation of the State's petition in the forfeiture proceeding, appellee had assets with which to satisfy a tax judgment; that appellee had since filed all necessary tax returns and paid all franchise taxes, interest and penalties due the State; and prayed that it have judgment setting aside the forfeiture and reinstating the charter.

The Secretary of State and the Attorney General filed a general denial.

Appellant filed his petition in intervention, and later an amendment thereto, opposing the reinstatement of appellee's charter, alleging a justiciable interest in the suit based on the fact that he was an officer, stockholder and director of appellee prior to February, 1961 and that he did accounting work for appellee prior to February 1961. Appellant further alleged that he would be prejudiced should he be denied intervention on the side of the State because the allegations in appellee's Bill of Review implied criticism of his accounting work for appellee prior to February, 1961, which constituted an adverse reflection on his professional reputation as a certified public accountant. That the recitals in the Bill of Review to the effect that appellee's books and records were not maintained so as to reflect its franchise tax liability constitute a serious reflection upon appellant's professional reputation as a certified public accountant charged with the duty and responsibility of maintaining appellee's books and records, all of which duties and responsibilities were performed properly and effectively by appellant with the full knowledge of appellee.

Appellee filed a motion to strike the intervention on the grounds that as a matter of law appellant had not alleged facts sufficient to entitle him to intervene in the suit.

Without hearing evidence, and on the stipuation of the parties that for purposes of the hearing, the facts alleged by appellant would be taken as true, the trial court heard argument of counsel and entered its order striking appellant's intervention.

Subsequent to this order, the trial court entered judgment for appellee setting aside the prior judicial forfeiture and reinstating appellee's charter.

At no point in its Bill of Review or in the judgment entered in this case did appellee name appellant or accuse him of any fault in the delinquencies in appellee's payment of its taxes. Nor is any stockholder, officer or director named or identified in the Bill or Review.

The Texas Rules of Civil Procedure provide that any party may intervene in an action subject to being stricken out for sufficient reason at the motion of one of the parties. Rule 60, T.R.C.P.

The right to intervene is given in furtherance of a speedy disposition of suits and to prevent multiplicity of actions. However, since the original parties to the pending suit must be protected from the disadvantages of intervention, trial courts have a wide discretion in judging the sufficiency of an opposing party's motion to dismiss the intervenor. 44 Tex.Jur.2d, Sec. 41, and Sec. 63.

The litigation in the trial court involved in this appeal was, first, a suit by the State to forfeit a corporate charter which it had granted to appellee and, second, a Bill of Review to set aside the default judgment granted in the prior suit and to reinstate the corporate charter of appellee. The grounds for such forfeiture were nonpayment of franchise taxes imposed by the State on corporations as one condition for retaining their corporate charter privileges previously granted by the State.

Appellant's attempt to intervene in this litigation based on his capacity as a former stockholder, officer and director, in order to take a position as party defendant in the Bill of Review constituted an attempt by appellant to question the legality of the existence of the corporation.

The litigation in both cases is in the nature of a quo warranto proceeding. The Supreme Court defined such action in Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973, 978, 136 A.L.R. 177, as follows:

"It is the rule that where a corporation has been formed under color of law, only the State can question its corporate existence, and that in a direct proceeding wherein the State is a party, and the action is in the nature of a quo warranto proceeding."

To entitle a party to intervene in a suit, he must be at least a proper party to the suit. 44 Tex.Jur.2d, Parties, Sec. 44. Appellant is not a proper party to a quo warranto action.

It is well settled that only the Attorney General of the State can raise these questions and he does it by quo warranto action. Quo warranto actions can be brought only in the name of the Attorney General and they are intended to protect public interests, not merely private interests.

Article IV, Section 22, Texas Constitution, Vernon's Ann.St., states:

"The Attorney General * * * shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * * not authorized by law."

In State ex rel. Steele v. Heath, Tex.Civ. App., 1931, 44 S.W.2d 398, error ref., the court after holding that private parties could not maintain an action in the nature of a quo warranto to remove a county official without joinder of any state authority, stated:

"Had the state participated as a litigant in the trial court, it took no appeal, wherefore the judgment there became final as to it anyway."

Here appellant cannot contend that the presence of the State in the litigation below conferred any type of "relator" status on him for the principal reason that the State has not complained of the judgment below and has not presented any type of appeal from that judgment.

In this litigation whereby the State has contested the existence of one of its corporations, appellant has attempted to assume a co-party status, along with the State, in order to exert a measure of control over the way the litigation is handled. While such authority is clearly contrary to the basic rules of quo warranto actions, appellant is attempting to accomplish it by resort to the rules governing intervention and citation of general rules relating to intervention.

The rule applicable here is stated in King v. Olds, 71 Tex. 729, 12 S.W. 65 (1888) as follows:

"The intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or, if the action had first been brought against him as the defendant, he would have been able to defeat the recovery, in part at least. His interest may be either legal or equitable."

To apply the foregoing general rule to the instant litigation, it is apparent that the appellant would have had no standing, on either legal or equitable grounds, to have brought the original suit against appellee seeking forefeiture of its charter for nonpayment of franchise taxes. Filing such action was within the sole discretion and power of the Attorney General. The subsequent Bill of Review suit filed by appellee involves the same original parties and the sole subject matter is the question of whether the default judgment in the State's former action should be set aside. The Bill of Review could not have been filed naming appellant as co-defendant along with the State because appellant has no interest or standing in the matter from which appellee could pray for either recovery or relief. The Bill of Review suit was part and parcel of the prior quo warranto action and its filing gave appellant no standing to attempt to defeat it either in whole or in part.

The sufficiency of a petition in intervention is tested by its allegations of fact on which the right to intervene depends. A petition will fail if no right to intervene

is shown because no sufficeient interest is alleged. Watkins v. Citizens National Bank, 1909, 53 Tex.Civ.App. 437, 115 S.W. 304, no writ hist.

A remote or contingent interest in a suit does not entitle a party to intervene. 44 Tex.Jur.2d, Sec. 44.

We affirm the judgment of the trial court.