THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



May 11, 1971

Hon. L. DeWitt Hale                    Opinion No. M-856
Chairman, Judiciary Committee
House of Representatives                Re: Constitutionality of H.B.
State Capitol                              784, permitting an
Austin, Texas 78711                        individual to petition for
                                           leave to file an informa-
                                           tion in the nature of a
                                           quo warranto.

Dear Representative Hale:

     You have requested our opinion on the validity of H.B. 784
of the 62nd Legislature, Regular Session.

     House Bill 784 attempts to amend Article 6253, Vernon's
Civil Statutes, so as to permit an individual to petition for
leave to file an information in the nature of a quo warranto
without the necessity of such suit being brought by the Attorney
General or District Attorney or County Attorney of the proper
county or district.

     It is our opinion that such an amendment interferes with
the constitutional power and duty of the Attorney General, the
District Attorneys and County Attorneys, who are required to
represent the State in such a suit and no one else may do so.
Article IV, Section 22, Texas Constitution; Article V, Section 21,
Texas Constitution; Staples v. State, ex rel King, 112 Tex. 61,
245 S.W. 639 (1922); Maud v. Terrell, 109 Tex. 97, 200 S.W. 375
(1918); Adamson v. Connally, 112 S.W.2d 287 (Tex.Civ.App. 1937,
no writ); Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926);
Mulcahy v. Houston Steel Drum Company, 402 S.W.2d 817 (Tex.Civ.
App. 1966, no writ). The very nature of a quo warranto proceeding
is to call into question by what authority the office or

-4153-

franchise is exercised. The State is always a necessary party, and it is not available to a private citizen in his capacity as such. See Texas Practice, Lowe and Archer, Sec. 541, page 497.

In Adamson v. Connally, supra, the Court stated the rule as follows:

> "An action of quo warranto, or information in the nature of quo warranto, is a suit to which the state is a party plaintiff. R.S. 1925, art. 6253. Such an action must be brought by the Attorney General or the district or county attorney of the county or district. Const. art. 4, Section 22; Id. art. 5, Section 21. The Legislature would have no constitutional power to authorize such an action to be brought by any other person without one of the officers named."
> (Emphasis added.)

In view of the foregoing, you are advised that H.B. 784 of the 62nd Legislature, Regular Session, is unconstitutional.

## S U M M A R Y

H.B. 784 of the 62nd Legislature, Regular Session, purporting to permit an individual to petition for leave to file an information in the nature of a quo warranto without the suit being brought by the Attorney General or the District Attorney or County Attorney is unconstitutional. Article IV, Section 22, and Article V, Section 21, of the Texas Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Max Hamilton
Lewis Jones
James McCoy
James Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant